STATE OF MARYLAND, FOR THE USE OF VINCENT TONDI, *v.* FIDELITY & CASUALTY COMPANY OF NEW YORK.

[No. 6, January Term, 1929.]

685

Decided March 19th, 1929.

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*J. Cookman Boyd,* for the appellant.

*George Ross Veazey,* for the appellee.

ADKINS, J., delivered the opinion of the Court.

The appellant in this case, in a former suit in which Arthur L. Bell and John F. Schwartz were defendants, recovered a verdict for $5,000, on which judgment was entered. On appeal the judgment was reversed as to Bell. The cause of action in that case was the accidental killing of the infant son of the equitable plaintiff by the automobile of Bell while being driven by Schwartz, and the question was whether Schwartz was the agent of Bell or an independent contractor. The case is reported as *Bell v. State, use of Tondi,* in 153 Md. 333.

Subsequently suit was brought by the appellant against the present appellee on the judgment against Schwartz in the former suit. In the *narr.* it is alleged that the defendant by its policy of insurance insured Arthur L. Bell against loss from the liability imposed by law upon the assured, and did likewise assure any other person, while riding in or operating an automobile belonging to said Bell with his permission, against loss from such liability upon such other person while operating said automobile, on account of bodily injuries accidentally suffered or alleged to have been suffered by any person by reason of the ownership, maintenance, or use of any automobile belonging to the said Bell, and to pay all

costs taxed against the assured in any legal proceeding defended by the company, and interest accruing upon the judgment rendered in connection therewith, and further agreed that the insolvency of the insured, or of any other person driving said automobile as aforesaid, shall not release the company from damage sustained or loss occasioned during the life of the policy, and, if execution, in an action for damages, is returned unsatisfied because of such insolvency, the injured may maintain an action against the company for the amount of the judgment obtained not exceeding the limits of the policy; that the infant son of the equitable plaintiff was run into by an automobile owned by Bell and driven by Schwartz with the permission of Bell, and received fatal injuries; that a judgment of $5,000 was recovered against Schwartz; that execution on said judgment was returned unsatisfied, and the said Schwartz is insolvent, and demand has been made upon said company to pay said judgment, but it has refused to pay the same.

A demurrer to the *narr.* was overruled, and defendant filed three pleas, viz: (1) Limitations. (2) Sets out the provision in the policy covering other persons than the named assured with certain provisos, one of which is as follows: "But the provisions of the foregoing paragraph shall not be applicable to a public automobile garage, automobile repair shop, automobile sales agency, automobile service station, and the agents or employees thereof"; and then avers that at the time of the accident said automobile was being operated by Schwartz, the owner of an automobile repair shop, to whom the automobile had been entrusted by the owner for the purpose of sale, and who at the time of the accident was endeavoring to sell said automobile and for this purpose was engaged in demonstrating the same to a prospective customer of his. (3) Sets out the provision and proviso in No. 2, and avers that defendant was notified of the pendency of the suit against Schwartz and Bell with reference to the subject matter of the indemnity which is the basis of the pending suit, and was given an opportunity to defend such action; that among the questions which were material to

recovery against Schwartz and/or Bell in the first suit was the nature of the occupation of said Schwartz and the character of the business in which he was engaged at the time of the accident, and that as a result of the trial it was determined that the automobile of Bell was, at the time of the accident, being operated by Schwartz, the owner of an automobile repair shop, that the automobile had been .entrusted to him by Bell for the purpose of sale, and that at the time of the accident Schwartz was endeavoring to sell it and for this purpose was engaged in demonstrating it to a prospective customer.

Demurrer to first plea was sustained and to second and third pleas overruled. Plaintiff then filed replication, as follows: To first plea, admitting correctness of paragraph quoted from policy, but alleging that at the time of the accident the automobile was being operated by Schwartz in his individual capacity with the permission of Bell. To the second plea, admitting the quoted paragraph but denying (a) that defendant was given opportunity to defend the former action, (b) that among the questions which were material to recovery against Schwartz and/or Bell in the former suit was the nature of the occupation of Schwartz and the character of his business; (c) that as the result of the trial of the former action it was determined that said automobile was, at the time of the accident, being operated by Schwartz, the owner of an automobile repair shop, but asserting that at said time the automobile was being operated by Schwartz in his individual capacity for and with the permission of Bell.

Demurrers to the replications were sustained, and on refusal of plaintiff to plead over verdict was rendered in favor of defendant, on which judgment was entered for costs.

Appeal was entered from the order sustaining the demurrer to replication and from the order directing a verdict for the defendant. There was no appeal from the judgment otherwise than as above. There is no motion to dismiss the appeal but attention is called by appellee to its irregularity. As the appeal was not entered prematurely before the entry of the judgment, and as it is in substance and effect an ap-

peal from the judgment, we are not disposed to rest our decision on the irregularity in the form of the appeal. The questions before us are the rulings on the demurrers.

We find no error in the overruling of the demurrer to the *narr*. If the policy had been offered in evidence, it might have been objected to on the ground of variance, but it was not before the court when it passed on the demurrer.

We do not understand that the correctness of the ruling on the demurrers to the pleas is seriously questioned by appellant. We find no error in that ruling.

But appellant does challenge most vigorously the ruling on the replications. The contention is that the replications are denials of the facts alleged in the second and third pleas. It is permissible to reply by way of traverse, and the replications are not bad for that reason. 1 *Poe, Pl. & Pr.* (4th Ed.) sec. 674.

But it was not an answer to the second plea to say that at the time of the accident the automobile was being operated by Schwartz in his individual capacity for and with the permission of Bell. The replication does not deny that the automobile was entrusted by the owner to Schwartz, the owner of an automobile repair shop, for the purposes of sale, or that Schwartz at the time of the accident was endeavoring to sell the automobile and for that purpose was engaged in demonstrating it to a prospective customer. The proviso in the policy would have but little meaning if the owner of an automobile repair shop could step outside, disassociate himself temporarily from his business, proceed to sell a car which for days had been left at his place of business to be sold, and then successfully claim that he was not excluded by the proviso. The demurrer to the replication to the second plea was properly sustained.

Our conclusion is the same in regard to the ruling on the demurrer to the replication to the third plea. This replication is a categorical denial of most of the facts alleged in the third plea, and, in addition, repeats the assertion that Schwartz was acting in his individual capacity. As to the denial that defendant was given an opportunity to defend

the action in the former trial, that is inconsistent with the *narr.,* from which it can be gathered that one of the conditions of defendant's liability to reimburse the assured for any judgment against him is its right to defend the suit in which such judgment is recovered. So far as the other denials are concerned, they are, in our opinion, clearly denials of facts which were found by this court in the case of *Bell v. State, use of Tondi,* 153 Md. 333, which was an appeal by one of the defendants in that case from the judgment on which the present suit is brought. But appellant earnestly contends that the findings in that case are not binding on appellant here because the parties are not the same, the defendant here not being a party to the former suit. We have found, however, that it appears from the *narr.* that defendant had a right to defend that suit; and, that being so, its position, for the purposes of this discussion, is the same as if it had been a party. The replication does not deny it was notified of the pending of the suit. *Perkins v. LeViness,* 134 Md. 262; *United States Fidelity & Guar. Co. v. Williams,* 148 Md. 289, 306; 31 *C. J.* 460, sec. 60.

It may be objected that there is no express reference in the *narr.* to the liability of the indemnity company to pay any judgment that may be recovered against the assured depending upon the defense of the suit by the company. But the reference to the agreement by the company "to pay all costs taxed against the assured in any legal proceeding defended by the company and interest accruing upon the judgment rendered in connection therewith" is, we think, sufficient. For it is inconceivable that the company's right to defend as a condition to paying costs of suit and interest on the judgment should have been reserved, and that such right should not have been reserved as a condition to its liability to pay the judgment itself.

*Judgment affirmed, with costs to appellees.*