BERNICE BERRY AND WILLIAM BERRY, HER HUSBAND, PLAINTIFFS-APPELLANTS, v. TRAVELERS INSURANCE COMPANY AND TRAVELERS INDEMNITY COMPANY, CORPORATIONS, DEFENDANTS-RESPONDENTS.

Argued May 15, 1937—Decided September 22, 1937.

For the plaintiffs-appellants, *John A. Laird* and *Harry Cohn*.

For the defendants-respondents, *Walter F. Waldau* and *Lindabury, Depue & Faulks*.

The opinion of the court was delivered by

CASE, J. The complaint contains two counts; the first for physical injuries suffered by the wife and the second for incidental expenses incurred by the husband. A brief recital of the first count will sufficiently reflect the pleading.

The first count of the complaint alleges that Mrs. Berry was injured by a truck owned by Abbott's Dairies, Incorporated, and operated by Edward A. Moncovage; that the injuries were caused by the negligent operation of the truck; that previous thereto Abbott's Dairies, Incorporated, procured a policy from the defendant companies insuring the Abbott's company against liability arising out of the maintenance and operation of the truck and that the policy provided that—to quote the pleading—"any person injured through the negligent operation of the said automobile truck had the right to institute a suit on any judgment recovered against the operator of the same in the event that the said operator by reason of his insolvency failed to make payment of said judgment;" that thereafter plaintiffs instituted action against the Abbott's company and Moncovage alleging that Mrs. Berry's injuries were sustained as a result of the aforesaid negligent operation of the truck; that at the trial Mrs. Berry recovered a judgment against Moncovage for $1,000; that execution was issued and returned unsatisfied by reason of the insolvency of Moncovage; and that thereupon the present action was instituted for the recovery from the insurance companies of the judgment against Moncovage.

The actual wording of the policy in respect to the alleged coverage in favor of Moncovage is as follows:

"The unqualified word 'Assured' wherever used in Coverages A and B and in other parts of this Policy when applicable to these Coverages, includes not only the named Assured but also any other person or organization while legally using the automobile, including also any other person or organization legally responsible for the use thereof, provided the disclosed and actual use of the automobile is 'Pleasure and Business' or 'Commercial,' each as defined herein, and further provided that such use is with the permission of the named Assured who, if an individual, may give such permission through an adult member of his household other than a chauffeur or domestic servant. The provisions of this paragraph shall not apply, however, to any person or organization, or employe thereof, operating an automobile repair shop, public garage, sales agency or service station and arising out of the operation thereof."

It will be observed that the coverage is by no means so broad as is alleged in the complaint and that the wording of the complaint does not constitute Moncovage an insured under the policy provision. Affirmance might be made to rest upon the feature alone; but the uncontradicted proofs *pro* and *con,* submitted on the motion to strike the complaint, give added support.

Appellants' brief admits as follows:

"At this trial [viz., in the damage suit of Berry *v.* Abbott's Dairies, Incorporated, and Moncovage], the testimony given indicates that Moncovage was in the garage business and at the time of the accident in question, was taking the Abbott's dairies' truck to his garage for the purpose of there inspecting it and possibly repairing it and the direction of a verdict in favor of Abbott's dairies came about as the result of a failure to show that Moncovage was the agent or servant of Abbott's dairies at the time and place of the accident so as to make that corporation responsible for his negligence."

Another fact, stated in the terms of the inference most favorable to the appellants, is that Moncovage, in taking the truck to his garage for the purpose of inspection and repair, carried on it a package of ice cream from the Abbott's dairies

for delivery to Moncovage's sister who conducted a confectionery store next to the garage. The very thin state of case leaves much to be desired in the way of a complete record; but counsel tacitly accept as correct, and therefore we expressly do, the statement of Judge Porter, sitting on the motion to strike, that "the said insurance companies defended the action on behalf of their insured. Moncovage was defended by other counsel. At the close of that trial the court directed a verdict in favor of Abbott's Dairies, Incorporated. It is said here, and not disputed, that the ground for such ruling was that the testimony showed that Moncovage was a garage and automobile repair man and not an agent or servant of the Abbott's Dairies, Incorporated."

Appellants present three points. The first of these is that the insured vehicle was being used "commercially" at the time of the accident and that therefore Moncovage was covered by the terms of the policy. The factual reference is to the package of ice cream which was on the truck. Whether or not the vehicle was being used "commercially," it was being used by a person operating an automobile repair shop and the use arose out of that operation. By the express terms of the policy coverage was excluded.

It is next said that the exclusion clause of the policy to which we have just referred does not eliminate coverage. We think that, subject to the exception of agency mentioned in the next paragraph, the elimination is too plain to justify argument. *Asnis* v. *Bankers Indemnity Insurance Co.*, 110 *N. J. L.* 134, cited by appellants, is not pertinent. The policy language there considered is quite different from that of the policy now under review. We construe the language in the policy now before us to mean that the broad application of the word "assured" shall not extend to any person who operates an automobile repair shop, public garage, sales agency or service station when the loss arises out of such operation.

Next it is said that the doctrine of *res adjudicata* is not applicable to the present case and that therefore the judgment in Berry *v.* Abbott's Dairies, Inc., and Moncovage, settles nothing against the plantiffs in the present suit. There

are two aspects which Moncovage bears in the action. One is that of an operating garageman, as to which we think that the doctrine of *res adjudicata* does not apply but upon which, for the reasons given above, we consider that there is no liability against the defendants. The other is that of agent of Abbott's dairies in transporting a shipment of ice cream. Upon the question of agency and employment the judgment in Berry *v.* Abbott's Dairies and Moncovage is *res adjudicata.* These defendants were sued jointly for ownership and negligent operation. Judgment against plaintiffs went in favor of Abbott's and for plaintiffs as against Moncovage. Nothing can be read more clearly from that determination than that Moncovage was operating the truck and that his operation was not for or on behalf of Abbott's. On that point the judgment is *res adjudicata* not only in favor of Abbott's but also in favor of Abbott's insurers who were present and acting for their principal. Liability on this phase of the case as against the insurers assumes liability as against the named insured. The insurer is not liable on the theory of principal and agent unless the principal is liable. The liability of the insurer in such case grows out of the liability of the insured. The Berrys may not be heard to assert that which in the damage suit was decided against them. *Petersen* v. *Preferred Accident Insurance Co.,* 114 *N. J. L.* 180.

The judgment below will be affirmed.

*For affirmance*—The Chief Justice, Trenchard, Parker, Lloyd, Case, Bodine, Donges, Heher, Perskie, Dear, Wells, WolfsKeil, Rafferty, Cole, JJ. 14.

*For reversal*—None.