HOMER HUNT v. MARYLAND CASUALTY COMPANY.

(Filed 22 September, 1937.)

1. **Insurance § 44—Evidence held to show that driver was proprietor of repair shop within noncoverage provision of liability policy.**

The clause extending liability to others than the named assured expressly excluded therefrom proprietors or employees of any garage or repair shop. Plaintiff, injured in a collision between the car insured and plaintiff's motorcycle, recovered judgment against the driver of the car, and upon return of execution unsatisfied, instituted this action against insurer. Plaintiff's evidence tending to show that the driver of the car was the proprietor of a repair shop and at the time of the accident was driving, with assured's permission, from his shop to another garage to get a spring for a repair job. *Held:* Insurer's motion to nonsuit should have been allowed, plaintiff's evidence establishing that the driver of the car was the proprietor of a repair shop and was engaged in his duties as such proprietor at the time of the accident.

2. **Evidence § 43a—**

Testimony of a bailor as to declarations of the bailee at the time which tend to show the purpose and terms of the bailment is not incompetent as hearsay.

CIVIL ACTION before *Sink, J.,* at May Term, 1937, of BUNCOMBE. Affirmed.

*Oscar Stanton and J. M. Horner, Jr., for plaintiff, appellant.*
*Adams & Adams for defendant, appellee.*

SCHENCK, J. This was a civil action originally instituted in the general county court of Buncombe County by the plaintiff against R. H. Richardson and the Maryland Casualty Company, but the said Richardson was never brought into court by service of process. The action was

instituted upon a policy of liability insurance issued by the Maryland Casualty Company to the Biltmore Wheat Hearts Corporation and/or Frank Coxe, upon a Ford Tudor sedan 1932 automobile, containing an extension coverage clause as follows: "II. The insurance provided by this policy is hereby made available, in the same manner and under the same conditions as it is available to the named assured, to any person operating, and/or to any other person while riding in, and/or to any other person, firm, or corporation legally responsible for the operation of, any of the automobiles described in the statements, provided the use and operation thereof are with the permission of the named assured, or, if the named assured be an individual, with the permission of an adult member of the named assured's household, other than a chauffeur or a domestic servant, except that this extension of coverage shall not be operative if this policy be issued to any public automobile garage, automobile repair shop, or automobile sales agency; nor shall insurance under this insuring agreement be available to any such garage, repair shop, or sales agency, nor to the proprietors, employees, or agents thereof; . . ."

It appeared by evidence or admission that the plaintiff was injured by the automobile mentioned in the policy when operated by R. H. Richardson, with permission of Frank Coxe, the named assured, and that plaintiff had recovered judgment for $1,500 for his injuries in another action against Richardson, and that Richardson had failed to pay said judgment, and that demand had been made upon the Maryland Casualty Company to pay said judgment and it had refused so to do.

Judgment in favor of the plaintiff against the Maryland Casualty Company was obtained in the general county court for $1,500, and both plaintiff and defendant appealed to the Superior Court, and in the Superior Court the judgment of the county court was reversed, and a judgment of nonsuit entered, and from this judgment the plaintiff appealed to the Supreme Court, assigning errors.

This appeal raises two questions: (1) Was R. H. Richardson included in the coverage of the policy, and (2) did the court err in the admission of certain testimony of the plaintiff's witness Frank Coxe?

The testimony of the plaintiff's witness Frank Coxe established that Richardson was the proprietor of an automobile repair shop and was engaged in the performance of his duties as such proprietor, in that he was going from his repair shop to another garage to get a spring to put into a truck upon which he was working, at the time of the collision between the automobile described in the policy and driven by Richardson, with permission of Frank Coxe, and the motorcycle of the plaintiff, in which collision the plaintiff was injured and for which injury he recovered judgment for damages against Richardson. Such being the

facts, it is clear that Richardson was not covered by the policy in that he came within the exception to the extension coverage clause thereof, and that the action should, therefore, have been nonsuited.

The objection and exception to the testimony of the plaintiff's witness Frank Coxe, as to what Richardson said to him at the time Coxe gave Richardson permission to use the automobile, upon the ground that such testimony was hearsay, cannot be sustained, since such testimony was competent to show the purpose for which Coxe permitted Richardson to use the automobile, and the terms of the bailment.

The judgment of the Superior Court is

Affirmed.