No. 36,172

ORPHA BUXTON, *Appellant,* v. ARTHUR F. RANDEL and PHOENIX INDEMNITY COMPANY, *Appellees.*

(154 P. 2d 129)

Opinion filed December 9, 1944.

*George Siefkin,* of Wichita, argued the cause, and *Robert C. Foulston, Samuel E. Bartlett, George B. Powers, C. H. Morris* and *Grover Pierpont,* all of Wichita, were on the briefs for the appellant.

*Allen B. Burch,* of Wichita, argued the cause, and *William C. Norton,* of Wichita, was on the briefs for appellee Phoenix Indemnity Co.

The opinion of the court was delivered by

SMITH, J.: This is a garnishment proceeding wherein the plaintiff, in an action to recover damages on account of injuries alleged to have been sustained when struck by an automobile driven by defendant, sought to compel an insurance company to pay the amount of his judgment. Judgment was for the insurance company, garnishee. The plaintiff appeals.

The petition alleged that the defendant operated his automobile negligently and on account of such negligence plaintiff was injured. There was no answer. Judgment was taken against the defendant by default. Subsequently an order in garnishment was issued ordering the Phoenix Indemnity Company to appear and answer questions propounded to it in regard to whether it was indebted to defendant. Certain questions were propounded to the garnishee as to whether on the day of plaintiff's injury it had in effect an automobile liability insurance policy wherein it agreed to pay any judgments rendered against defendant arising out of injuries received by any person injured by an automobile driven by defendant. The plaintiff filed a motion for judgment against the garnishee insurance company because it had failed to answer the question. The garnishee then filed an answer to the garnishment summons in which it alleged that it was not under any liability to defendant. The answer further alleged that on March 17, 1941, it did have in effect an automobile liability insurance policy, but it did not bind the garnishee to pay any judgments rendered against defendant arising out of the injuries received by any person injured by an automobile driven by defendant under the circumstances existing at the time of the alleged injuries received by the plaintiff in this action.

The policy was attached as an exhibit. The plaintiff elected to take issue on the answer. Subsequently the garnishee filed a supplemental answer, in which it alleged that the judgment was obtained by collusion between the plaintiff and defendant; that plaintiff entered into a settlement with defendant and thereby released the defendant and garnishee from liability. The answer further alleged that the accident referred to in plaintiff's petition occurred while defendant was operating an automobile not owned by him, and the provisions of the policy pertaining to liability while insured was driving a car other than his own did not apply to any person operating an automobile repair shop, public garage, sales agency or service

station with respect to any accident arising out of its operation and that at the time of the accident defendant was acting as the agent of the Golden Rule Oil Company, which company was operating an automobile repair shop, public garage, sales agency and service station. The answer further alleged that the policy further provided that no action should lie against the company until the amount of the insured's liability should have been determined against the insured after actual trial and that no actual trial was ever conducted prior to the judgment being entered against defendant.

The record discloses that the defendant was a traveling salesman for the Golden Rule Oil Company. He was in the warehouse of that company when a friend who had left his automobile with the company to have a new set of tires put on called and asked as a favor that the automobile be delivered to him. Defendant undertook to make the delivery. On the way to make the delivery plaintiff was struck and injured.

The trial court found in favor of the garnishee for the reason that defendant at the time of the accident was not driving his own car but was driving a car for the benefit of the oil company. Judgment was entered accordingly. Motions for a new trial and for judgment were denied. Hence this appeal.

The conclusion we have reached will turn upon an examination of the insurance policy.

The first page of this policy is denominated "Declarations." Here the name is given as "Arthur F. Randel and Golden Rule Oil Company." The occupation of the named insured was given as "Salesman, Golden Rule Oil Company." The automobile insured was then described. The first paragraph of the policy provides as follows:

"DOES HEREBY AGREE with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and of the statements contained in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:"

The next paragraph provides as follows:

"To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile."

By the next paragraph the company agreed to defend suits against insured. Subdivision III of the policy provided that the word

"insured" in the policy meant not only the named insured but also any person while using the car with the permission of the named insured. This subdivision is divided into sub-paragraphs. The last sentence of the first paragraph is as follows:

"The provisions of this paragraph do not apply:

"(a) To any person or organization with respect to bodily injury to or death of any person who is a named insured;

"(b) to any person or organization, or to any agent or employee thereof, operating an automobile repair shop, public garage, sales agency, service station, or public parking place, with respect to any accident arising out of the operation thereof;

As far as we are concerned here, the result of these provisions is that the policy would cover any liability on account of the operation of this car provided that the driver of it had permission of the named insured to use it and providing that the injury did not arise out of the operation of certain named businesses. Paragraph 9 contains further provisions. Paragraph 9, 1 (c) provides that the insurance applies to the individual named as insured with respect to the operation of any private passenger automobile by the named insured. Paragraph 9, 2 (c) provides that the insurance does not apply under the conditions stated in divisions (a), (b) and (c) of paragraph III of the policy.

It will be noted that defendant was driving a car other than the one described in the policy at the time of plaintiff's injury.

Plaintiff points out this fact and argues that paragraph 9, 1 (c) makes the garnishee liable to pay a judgment under such circumstances. The garnishee points out the fact that defendant was delivering a car that had been left at his employer's shop when the injuries occurred and argues that the provision of paragraph 2 (c) construed together with paragraph III (b) relieve it from liability under such circumstances. The plaintiff argues that the exemptions provided in that paragraph do not apply to the defendant because the named insured was himself a salesman for a sales agency, and to give the effect to the provisions of the policy argued for by the garnishee would be to permit it to issue the policy for certain coverage and provide for no liability whatever by a later clause in the policy. We are unable to follow the plaintiff in this argument. In the first place, the restriction that is provided for in paragraph III (b) provides that the coverage provided by the policy for the named insured extends also to others whom the insured permits to use his car, except the named agencies, such as automobile repair shops,

public garages, sales agencies, service stations and public parking places. Such provisions have been upheld. See 7 Appleman, Insurance Law and Practice, sec. 4353; also *Stovall v. New York Indemnity Co.*, 157 Tenn. 301, 8 S. W. 2d 473, 72 A. L. R. 1369, and *Soukup v. Halmel*, 357 Ill. 576, 192 N. E. 557. The reason for this restriction of liability as to these agencies is clear. There are so many more occasions when some irresponsible person would be apt to be driving the car in question in the operation of one of them. Notwithstanding that provision had plaintiff been injured by defendant while driving the car described in the policy the garnishee would have been liable.

There is the same reason for the limitation of the additional coverage when the named insured is driving a car other than the one described in the policy. There was substantial evidence in the record from which the trial court was warranted in concluding that the injury to plaintiff arose out of the operation of the sales agency.

The judgment of the trial court is affirmed.