The opinion and judgment in this case was rendered on June 30, 1948. Notice of the judgment was sent to counsel for plaintiffs immediately by Registered Mail, which is the usual method of giving notice of decisions rendered by this Court. The Registered Notice of the judgment was received by Counsel for plaintiff on July 2, 1948, as shown by the Return Registered Receipt from the Post Office Department bearing his personal signature, showing delivery by the Post Office to him of the notice on July 2, 1948. The application for rehearing was not filed in this matter until July 29, 1948. Attached to the application for rehearing is an affidavit by the attorney for the plaintiff and the secretary of the plaintiff's attorney showing that after receipt of the notice of the rendition of judgment in this matter, counsel dictated his application for rehearing on July 14th, and because of a misinterpretation of his instructions by his secretary, the original application was kept in the office and was not sent out until July 27, 1948.
A motion has been filed by the attorneys for the defendants in this matter asking that the application for rehearing be dismissed and objecting thereto on the ground that it was filed too late and, therefore, cannot be considered by this Court.
There is no question in this case that due and prompt notice of the judgment rendered by this Court was received by counsel for plaintiff, and there is likewise no question presented as to the unfortunate misunderstanding which brought about the delay in the filing of the application for rehearing. However, in the case of Clark v. Delta Tank Manufacturing Company, La. App., 22 So.2d 135, the appellant did not file an application for a rehearing within the time fixed by the Constitution (Section 24, Article 7, Constitution of 1921), and a motion for an extension of time was filed asking for additional time within which to present the application. There had apparently been a change of attorneys which was assigned as an additional reason why the extension should be granted. This Court in that case stated:
"It is impossible however for us to consider the motion for extension of time in which to file an application for rehearing as under the provisions of the State Constitution already referred to, judgments rendered by this court become final and executory *Page 45 
on the fifteenth calendar day after rendition. If the application is not filed in time the court is powerless to grant additional delay in which to file it. Gautreaux v. Harang, 190 La. 1060, 183 So. 349."
In the present case, due notice was received by plaintiff's counsel, and the application was not filed until long after the delays had elapsed, and under the jurisprudence, this Court has no discretion in the matter and is unable to consider the application for rehearing.
The application for rehearing, therefore, cannot be considered.