**FEDERAL INSURANCE COMPANY**

v.

**MICHIGAN MUTUAL LIABILITY COMPANY, J. Robert Bazley, Inc., Lamar P. Conrad, S & E McCormick, Inc., and Alex Witcjak.**

**Civ. A. No. 24547.**

United States District Court
E. D. Pennsylvania.

Sept. 3, 1958.

Robert E. Jones, Philadelphia, Pa. (Rawle & Henderson, Philadelphia, Pa.), for plaintiff.

Louis Samuel Fine, Philadelphia, Pa., for defendant Alex Witcjak.

LEAHY, District Judge.

This is defendant's motion (Alex Witcjak) to dismiss plaintiff's complaint for declaratory judgment as to him. Action is based on 28 U.S.C.A. § 2201 et seq.

The alleged facts: Witcjak was a truck driver for S & E McCormick, Inc.

He was driving a truck near Tamaqua, Pennsylvania. He arrived at his destination. To unload his equipment he removed the rear wheels of his I-beam trailer. A truck crane owned by J. Robert Bazley, Inc., by its servant Lamar P. Conrad, was at the site. Conrad used this crane to replace the wheels. Pleadings show Conrad placed this crane under overhead wires. Operating the boom, it is alleged, he came in contact with an overhead wire. Electricity shot down the boom, hit Witcjak. He had internal injuries and severe burns. There was amputation of the right hand and several toes.

Witcjak brought two suits in this Court for his injuries. In one he sued Roy Allen and Thomas George t/a New Franklin Coal Company, J. Robert Bazley, Inc., and Pennsylvania Power & Light Company. The other suit was against Conrad. The question is raised as to which insurance coverage applies.

Federal Insurance Company insures Bazley and Conrad. It seeks here to avoid insurance obligation and place coverage on Mutual Liability Company who insured the tractor-trailer.

Injured Witcjak says: 1. there is no cause of action under the declaratory judgment act; 2. he is not a proper party because of lack of diversity; and other arguments.

■ 1. Federal agreed to defend Bazley. An insurance company's agreement to defend with a reservation to deny any claim, creates no controversy since a jury's verdict might not be against the insured.[1] An insurance company's declaratory judgment action is to find extent of coverage, not liability.[2]

■ 2. Witcjak should not be here at this time. Federal does not disclaim coverage. It agrees if Michigan Mutual does not insure Bazley Federal does. Even if Michigan does insure Bazley, Federal admits liability for any excess of verdict. What we have here is a suit between Federal and Michigan. It is Bazley or Conrad who is insured by either Federal or Michigan. Witcjak is a person who should not be a party to such a declaratory judgment suit. He has no interest in a case between rival insurance carriers.

■ 3. There is also a point of jurisdiction. Witcjak lives in Delair, N. J. The declaratory judgment plaintiff is a New Jersey corporation. This is not proper jurisdiction for Witcjak. He is an original defendant. For plaintiff to maintain its action against Witcjak there must be either a federal question or diversity[3] where a suit is had under the declaratory judgment act. State Farm Mutual Automobile Insurance Company v. Hugee, 4 Cir., 115 F.2d 298, looks in point. The insurer was an Illinois corporation. Insured and insurer were realigned as plaintiffs. Judge Parker dismissed for lack of jurisdiction since there was no diversity between plaintiffs and defendants.[4]

4. There is a conflict of decisions whether the injured party should be joined in an action which seeks to determine insurance coverage.[5] I accept

1. Maryland Casualty Co. v. Tindall, 8 Cir., 117 F.2d 905.

2. Maryland Casualty Co. v. Faulkner, 6 Cir., 126 F.2d 175, 178.

3. Putnam v. Ickes, 64 App.D.C. 339, 78 F.2d 223.

4. See, too, Ambassade Realty Corp. v. Winkler, D.C.Mass., 83 F.Supp. 227: "The Federal Declaratory Judgment Act [28 U.S.C.A. § 2201] confers no additional jurisdiction on the district courts but applies only to controversies otherwise within the jurisdiction of such courts." And, Fouke v. Schenewerk, 5 Cir., 197 F.2d 234.

5. For such joinder see Franklin Life Insurance Company v. Johnson, 10 Cir., 157 F.2d 653; Technical Tape Corporation v. Minnesota Minning & Manufacturing Company, D.C., 135 F.Supp. 505; Bendix Aviation Corporation v. Kury, D.C., 88 F.Supp. 243; Allstate Insurance Company v. Thompson, D.C., 121 F.Supp. 696; American Casualty Company of Reading, Pa. v. Howard, 4 Cir., 173 F.2d 924. See, also, London Guarantee & Accident Company v. Shafer, D.C., 32 F.Supp. 905.

the cases which would hold Witcjak is not a necessary party in a declaratory judgment action to determine insurance coverage.[6]   All present plaintiff seeks here is to have before the Court, at trial, all parties to the facts of the accident. Injured Witcjak has brought his own suits in an attempt to recover.   He is neither a necessary nor an indispensable party to the present record.   Plaintiff in brief and at argument stated it had no real objection to the action being dismissed as to Witcjak.

I think Witcjak should not be an invited party to this declaratory judgment action.   An order providing for dismissal as to him may be submitted.

---

6.  Hoosier Casualty Company of Indianapolis, Indiana v. Fox, D.C., 102 F.Supp. 214;  Western Casualty & Surety Company v. Beverforden, 8 Cir., 93 F.2d 166.