**COMMERCIAL STANDARD INSURANCE COMPANY, Appellant,**

v.

**Darl D. SANDERS, Appellee.**

No. 3643.

Court of Civil Appeals of Texas.

Waco.

June 25, 1959.

Rehearing Denied July 16, 1959.

Fulbright, Crooker, Freeman, Bates & Jaworski, Jerry V. Walker, Houston, for appellant.

Vinson, Elkins, Weems & Searls, Sam W. Davis, Jr., Thomas B. Weatherly, Houston, for appellee.

WILSON, Justice.

This action involves construction and application of the following exclusion under the collision coverage of a Texas standard family automobile policy written by appellant in 1956:

> "This policy does not apply * * * to loss to a non-owned automobile arising out of its use by the insured in the automobile business."

Appellee was the named insured. The policy covered his car, but provided physical damage insurance to a non-owned automobile. "Automobile business" was defined as "the business of selling, repairing, servicing, storing or parking of automobiles." Similar exclusions were applicable to the liability and medical payment coverages.

The unchallenged findings of the trial court are to the effect that appellee was driving a car owned by his employer (engaged in the automobile business) when it was involved in a collision. At that time he was returning this vehicle to his employer in order that it would be available for sale or demonstration. The court concluded that the automobile was not being used by appellee in the automobile business at the time of the accident, and the loss did not arise out of such use. Appellant asserts the court erred in rendering judgment against it for the damages because the car was excluded.

Appellee had formerly worked in Madisonville and had left his family there while working for an automobile concern in Houston, as a car salesman. During the week he lived at his sister's house in the latter city. He arranged with his employer's sales manager to drive its demonstrator from Houston to his home in Madisonville for the weekend. Salesmen were

not allowed to drive cars out of town without special permission. Upon arrival, he left the car at his home, using his personal car. Appellee made no effort to sell cars while there. On Sunday, appellee called the sales manager from Madisonville, requesting permission to remain away from work Monday, to complete a personal trade of his house in Madisonville for one in Houston. The following day appellee and the man involved in the real estate negotiation left Madisonville in separate cars to look at the Houston property. The collision occurred on this trip. Appellee testified he was "going to bring the car back" to his employer "because they could have had a sale for it. They could need it."

The exclusion in question is relatively new, and has not been considered in any reported case as far as we can ascertain. Previously, the standard basic automobile policy contained a similar limitation on additional insureds under the omnibus clause for accidents "arising out of the operation of an automobile sales agency." This was to prevent concurrent or overlapping coverage with the garage liability policy specifically designed for such risks. 393 Ins. Law Journal, p. 648, 1955.

In Pacific Automobile Ins. Co. v. Lewis, 1943, 56 Cal.App.2d 597, 132 P.2d 846, 849, a salesman obtained permission to drive a demonstrator to another city on a personal mission. It was contended that permitting such use was actually part of the salesman's compensation and the use thereof "arose out of" operation of an automobile business. Holding that although the use was permitted because of the employee relationship, its connection with the business was incidental, casual and remote, the court said, "The very wording of the clauses * * * indicates an intention to distinguish between the operation of such a car on the personal business of an employee and its operation in connection with the business agency." This distinction was emphasized in Buxton v. Randel, 1944, 159 Kan. 245, 154 P.2d 129.

The earlier omnibus limitation was construed in Employers Mut. Cas. Co. of Des Moines, Iowa v. Federated Mut. Implement & Hardware Ins. Co., 8 Cir., 213 F.2d 421. The president of an automobile sales company borrowed an employee's car to make a trip out of town to repair the company car which the president's daughter was using. He intended, after fixing the car, to look at equipment for purchase by the company. In holding an accident on the trip resulted from a personal mission, the court considered the term "arising out of the operation." It applied the test: "whether it can be said to be a natural and necessary incident or consequence of the operation." This was the criterion in Allen v. Travelers Indemnity Co., 108 Vt. 317, 187 A. 512, 514. "If it had not already been subjected to the death knell of another policy prohibition, it is generally required that the use of the automobile be in the furtherance of the business of the sales agency." 321 Ins. Law Journal 783.

Appellant urges that appellee was furthering his employer's interest in returning the vehicle. This was merely a necessary consequence of the initial permission. It was simply incident to the personal use. Appellant cautions that this holding will create multiple coverage problems in view of Alamo Cas. Co. v. Laird, Tex.Civ.App., 229 S.W.2d 214, writ ref. n. r. e., and Texas Lloyds v. Laird, Tex.Civ.App., 209 S.W.2d 937, writ dis. In both cases the salesmen took the demonstrator to sell to a customer. The decisions are not comparable.

The trial court correctly concluded appellee was not using the car in the automobile business.

■ Appellant next asserts the court erred in rendering judgment for appellee because it was not shown he had an insurable interest or sustained a loss. Appellant eliminated this issue by stipulating that should it be determined the car was not being used in the automobile business, "there is no problem on the recovery. It is simply a matter of interpreting what those words

mean on the facts." Appellant's pleading consisted of a general denial and the special defense of the exclusion. The point is overruled. T.I.M.E. Inc. v. Maryland Cas. Co., Tex., 300 S.W.2d 68, 73.

The judgment is affirmed.