155 So.2d 172 (1963)
DIXIE AUTOMOBILE INSURANCE CORPORATION, a corporation, Appellant,
v.
Mrs. I.A. MASON, Arnie Lee Alpin and Ernest Joseph, Appellees.
No. E-81.
District Court of Appeal of Florida. First District.
July 16, 1963.
*173 Barron & Hilton, Panama City, for appellant.
Ferrin C. Campbell and Gillis E. Powell, Crestview, for appellees.
WIGGINTON, Judge.
Plaintiff filed in the trial court a complaint for declaratory relief. From a final decree on the merits rendered in favor of defendants, plaintiff has appealed. It is contended that the chancellor erred in his construction of the automobile liability insurance policy involved in this case, and erroneously concluded under the circumstances shown by the record that coverage is provided the insured and the company is liable for any damages arising out of the operation of the automobile which the insured may be required to pay.
The facts in this case are not in dispute. Appellant issued to Mrs. I.A. Mason its automobile liability insurance policy. The insuring agreement contains coverage with respect to bodily injury and property damage liability. By its policy appellant agrees to pay on behalf of the insured, all sums which the latter shall become legally obligated to pay as damages sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile described in the policy (1) because of bodily injury, sickness or disease, including death at any time resulting therefrom, or (2) because of injury to or destruction of property, including the loss of use thereof.
Section 3 of the insuring agreement defines the term "insured" as follows:
"With respect to the insurance for bodily injury liability and for property damage liability the unqualified word `insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either. The insurance with respect to any person or organization other than the named insured or such spouse does not apply (1) to any person or organization or to any agent or employee thereof operating an automobile sales agency, repair shop, service station, storage garage or public parking place with respect to any accident arising out of the operation thereof. * * *."
The insured, Mrs. I.A. Mason, was the owner of the automobile described in the insurance policy. On the critical date in question she was unable to start the motor of her vehicle. She telephoned defendant Arnie Lee Alpin, who was the owner and operator of an automobile repair shop, requesting him to come to her home and do what was necessary to place her vehicle in an operating condition. Alpin complied with this request and went to Mrs. Mason's home for the purpose of examining the automobile and determining the cause of the trouble. He succeeded in starting the motor and then undertook to drive the *174 vehicle to a service station for the purpose of replacing the fanbelt. While en route in the performance of this mission, he became involved in a collision with an automobile owned and operated by defendant Ernest Joseph. Joseph brought suit against both Mrs. Mason and Alpin alleging damages proximately resulting from the negligent operation of the Mason vehicle by Alpin.
Upon being notified of the accident and the institution of the suit, appellant promptly disclaimed any liability and instituted this action for the purpose of securing a judicial declaration of its rights under the insurance policy issued by it.
Upon final hearing the chancellor found that at the time of the accident which gave rise to the cause of action sued upon by Joseph, the insured automobile was being operated with the knowledge and consent of the insured by the owner and operator of an automobile repair shop. The chancellor was confronted with the necessity of placing a construction upon that part of the insurance policy quoted above contained in Part 3 thereof which reads as follows:
"The insurance with respect to any person or organization other than the named insured or such spouse does not apply (1) to any person or organization or to any agent or employee thereof, operating an automobile sales agency, repair shop, service station, storage garage or public parking place with respect to any accident arising out of the operation thereof. * * *"
The chancellor construed this provision of the policy to mean insurance coverage for bodily injury and property damage extended to the named insured, Mrs. I.A. Mason, but because of the specific exclusionary provision of the policy, no insurance was afforded to defendant Arnie Lee Alpin because the accident in question occurred while the vehicle was being driven by him in the course of his operation of an automobile repair shop. It is our conclusion that the chancellor's construction of the questioned provision of the insurance policy is correct, and the decree should be affirmed. The exclusionary clause relied upon by appellant renders the policy inapplicable only with respect to coverage for and on behalf of any person or organization, or any agent or employee thereof, operating any of the specified businesses stipulated in the policy. It is noted that the named insured and his spouse are specifically exempt from the exclusionary clause, and the withholding of coverage from the operator of the repair shop set forth in this clause does not affect the coverage afforded the insured.
Appellant's interpretation of the exclusionary clause quoted above is that the insurance policy is wholly inapplicable and provides no coverage to the named insured, or anyone else, in the event the insured automobile is involved in an accident at a time when it is being operated by any person or organization, their agents or employees, named in the exclusionary clause. Such interpretation does violence to the plain and unequivocal language of the policy itself. It seems clear from the questioned provision of the policy that the insurer does not agree to provide liability insurance for any person or organization, their employees or agents, who operate any of the types of businesses specified in the policy. The reason for refusing to extend insurance coverage to such persons and organizations is obvious. When the named insured places his automobile in the custody of any person or organization operating an automobile sales agency, repair shop, service station, storage garage or public parking place, the insured has no knowledge as to who will be entrusted with the operation of his automobile while it is in the control of such person or organization. Since the risks involved in the operation of an automobile by the agents or employees of such businesses is great, the insurance company refuses to extend coverage to such persons or organizations. Therefore in this case the chancellor properly held that the insurance coverage afforded by the liability policy under consideration does not extend to defendant *175 Arnie Lee Alpin, the operator of the automobile repair shop, and appellant insurance company will not be liable for any judgment which may be rendered against Alpin in the suit brought against him by Joseph. We are of the view that the chancellor was correct in holding that although Alpin is excluded from coverage under the policy, such exclusion does not apply to the insured Mrs. Mason.
Appellant cites in support of its position decisions rendered by the courts of Massachusetts, Maryland, Virginia and Wisconsin.[1] We have carefully examined each of the cited cases but find that they do not involve the question presented by appellant on this appeal. None of the cited cases were suits brought against the insured owner of the automobile, the operation of which proximately caused the plaintiff's damages. Each suit was brought only against the person or organization, their employee or agent, who was operating the insured vehicle in the course of their business as owner of either an automobile sales agency, repair shop, service station, storage garage or public parking place. The question before the court in each of these cases was whether the liability insurance policy issued to the owner of the automobile involved in the accident, and which contained language substantially identical with the policy now under consideration by this court, should be interpreted in such manner as to provide insurance coverage to the defendant operators of businesses specified in the insurance policy. In each case the court held that the insurance coverage provided did not apply to the owner or operators of any of the specified businesses which are specifically excluded therefrom. This is the exact holding of the chancellor in the case sub judice, which holding we affirm.
Appellant has also cited in support of its position a decision rendered by the Supreme Court of Kansas in Buxton v. Randel.[2] In Buxton the named insured was an employee of an automobile repair shop and was involved in an accident while operating an automobile owned by his employer. The question before the court involved an interpretation of that provision of the insurance policy held by the insured relating to liability under circumstances when the insured was driving a non-owned vehicle. The facts in Buxton are clearly distinguishable from the facts in the case we now review, so the principle of law adopted by the Kansas Court is neither pertinent nor persuasive.
Lastly appellant cites us to the Nyman case decided by the Supreme Court of Louisiana[3]. It must be conceded that Nyman clearly supports the interpretation contended for by appellant, which interpretation we are urged to adopt as the law of this case. The Nyman decision was rendered by a two-judge panel of the Louisiana Supreme Court. Although this decision may comport with the public policy and general law of Louisiana, we are of the view that the conclusion there reached should not be adopted as the law of this jurisdiction.
The decree appealed is accordingly affirmed.
STURGIS, C.J., and RAWLS, J., concur.
NOTES
[1] Kenner v. Century Indemnity Co., et al., (1946) 320 Mass. 6, 67 N.E.2d 769, 165 A.L.R. 1463; State for Use of Tondi v. Fidelity & Casualty Co. of New York, (1929) 156 Md. 684, 145 A. 182; Lumbermens Mut. Casualty Co. v. Indemnity Ins. Co. of North America, (1947) 186 Va. 204, 42 S.E.2d 298; Paine v. Finkler Motor Car Co., Inc., et al., (1936) 220 Wis. 9, 264 N.W. 477.
[2] Buxton v. Randel, et al., 159 Kan. 245, 154 P.2d 129.
[3] Nyman v. Monteleone-Iberville Garage Inc., et al., (1947), 211 La. 375, 30 So.2d 123.