**Frank KARNER, Plaintiff in Error,**

v.

**Troy Lee MAYNOR, H. P. Porter and Gulf Insurance Company, a Foreign Corporation, Defendants in Error.**

No. 41256.

Supreme Court of Oklahoma.

March 29, 1966.

Rehearing Denied May 31, 1966.

Andrew L. Hamilton, and Don Manners, Oklahoma City, for plaintiff in error.

Cheek, Cheek & Cheek, by Alex Cheek, Oklahoma City, for defendants in error.

HALLEY, Chief Justice.

The sole question involved in this appeal is the correctness of the judgment of the trial court dissolving a writ of garnishment issued against the defendant garnishee, Gulf Insurance Company, hereinafter referred to as "Gulf".

Gulf on September 11, 1959, issued its family automobile policy, covering a Chevrolet automobile owned by H. P. Porter for a period of one year commencing October 22, 1959, under the conditions described in the policy.

On January 14, 1960, Porter delivered the automobile to Troy Lee Maynor at his automobile repair shop in Jones, Oklahoma, for the purpose of having some repairs made on it. It was understood that Maynor, after making the repairs on the vehicle, would deliver it to Porter's home in Jones the next day. A flat fee of $10.00 was agreed upon between Porter and Maynor for the making of the repairs. Maynor testified that no additional charge was made for delivering the car and it was his practice to deliver cars he repaired to the owners, purely as a matter of accommodation.

At about 4:30 P.M. on January 15, 1960, Maynor completed the repairs on the car, left his shop and started to drive the car to Porter's home. While on the delivery trip a collision occurred between the car driven by Maynor and an automobile owned by Frank Karner and driven by his son Roy Karner. Frank Karner was riding in the car as a passenger at the time of the collision.

Frank Karner sued Maynor and Porter for damages for alleged personal injuries sustained in the accident. Maynor defaulted and a judgment by default was entered against him for $18,099.70. Porter filed an answer denying that Maynor was acting as his agent. The case was tried to a jury as between Karner and Porter. The jury returned a verdict in favor of Porter.

Plaintiff caused a writ of garnishment to be issued, seeking to subject the insurance policy of the Gulf Insurance Company to the payment of his judgment against Maynor. The trial court dissolved the writ of garnishment and held that Gulf was not liable under the terms of its policy.

Plaintiff contends that Gulf is liable for the judgment under the "omnibus" clause of its policy providing coverage for:

" * * * any other person using such automobile, provided the actual use thereof is with the permission of the named insured".

Gulf contends that at the time of the collision, the Porter automobile was being operated by Maynor in the "automobile business" and therefore was not covered by its policy. The policy provides that "This policy does not apply",

" * * * to an owned automobile while used in the automobile business".

"Automobile business" is defined in the policy as follows:

" 'Automobile business' means the business or occupation of selling, repairing, servicing, storing or parking automobiles".

Neither of the parties cite decisions of this court supporting their contentions and apparently none exist. There are many cases from other jurisdictions holding that the exclusion clause in an insurance policy excluding coverage where the vehicle is being operated in the "automobile business" is a valid provision and that no coverage exists under the facts presented in the present case. See extensive Notes 71 A.L. R.2d 959; 47 A.L.R.2d 550; 7 Amer.Juris. 2d, § 125, "Automobile Insurance", pp. 444, 5.

The case of Public Indemnity Co. of Newark, N. J. v. Yearwood, 50 Ga.App. 646, 179 S.E. 232, is squarely in point. Pea-

body, the owner of the automobile and the insured named in an insurance policy containing a provision excluding coverage while being operated in the automobile business, employed one Ingram to make repairs on his automobile agreeing to pay him the sum of $10.00 for his services. Ingram was regularly employed as a chauffeur for another person but did automobile repair jobs during his spare time. He maintained no repair shop or garage, and was making the repairs on Peabody's car at a filling station to get the benefit of the light. Ingram was driving the car for the purpose of adjusting the timing at the time the accident occurred. The court exonerated the insurance company, saying:

> " * * * it is plain that the insurance protection provided thereby was not intended to cover the automobile driven by Ingram; the policy expressly providing that the insurance therein was not available to 'any public garage, automobile repair shop,' and there being no substantial difference, for the purposes of automobile liability insurance, between an individual undertaking to repair an automobile for the owner thereof and a 'public garage' or 'automobile repair shop.' "

In Dixie Automobile Insurance Corp. v. Mason, (Fla.App.), 155 So.2d 172, the court held that an insurance company with the "automobile business" exclusion clause in its policy did not cover an automobile mechanic driving the insured vehicle from his home to a service station for the purpose of replacing the fan belt. A portion of the opinion reads:

> "It seems clear from the questioned provision of the policy that the insurer does not agree to provide liability insurance for any person or organization, their employees or agents, who operate any of the types of businesses specified in the policy. The reason for refusing to extend insurance coverage to such persons and organizations is obvious. When the named insured places his automobile in the custody of any person or organiza-
> tion operating an automobile sales agency, repair shop, service station, storage garage or public parking place, the insured has no knowledge as to who will be entrusted with the operation of his automobile while it is in the control of such person or organization. Since the risks involved in the operation of an automobile by the agents or employees of such businesses is great, the insurance company refuses to extend coverage to such persons or organizations. Therefore in this case the chancellor properly held that the insurance coverage afforded by the liability policy under consideration does not extend to defendant Arnie Lee Alpin, the operator of the automobile repair shop, and appellant insurance company will not be liable for any judgment which may be rendered against Alpin in the suit brough against him by Joseph."

In Wendt v. Wallace, 185 Minn. 189, 240 N.W. 470, an employee of a garage delivering the insured's car from the garage to insured's home was held to be excluded from the coverage of insured's insurance policy. The Syllabus by the court reads:

> "A limitation on coverage in an automobile liability insurance policy, excluding any obligation of the insurer 'to any person or organization, other than the name Assured, operating an automobile repair shop, public garage, sales agency or service station, and arising out of the operation thereof,' is construed as excluding an employee in a public garage while delivering the automobile to the owner who was a storage customer of the garage. Such employee under the language of the limitation was not included in the coverage, he being engaged in an essential element of the operation of the garage, as conducted, as well as the owner-manager thereof."

In Ederer v. Milwaukee Automobile Insurance Co., 220 Wis. 635, 265 N.W. 694, the court held that a garageman delivering insured's automobile, after servicing it, was not within the coverage of insured policy

containing the "automobile business" exclusion. The Syllabus in the case reads:

"Automobile owner is liable only for his own negligence or that of his agent or employee acting within scope of employment, and not for negligence of owner of garage or service station operating automobile as independent contractor."

"Garageman who, after servicing automobile, injured pedestrian while returning automobile to insured customer *held* not within liability policy."

■ Space will not permit quoting from all of the many cases sustaining the judgment of the trial court holding that the judgment against Maynor was not within the coverage of the insurance policy of Gulf. A few are: Canadian Indem. Co. v. Western National Insurance Co., 134 Cal. App.2d 512, 286 P.2d 532; Walker v. State Farm Mutual Automobile Insurance Co., 40 Ill.App.2d 463, 190 N.E.2d 121; Buxton v. Randel, 159 Kan. 245, 154 P.2d 129; Clostio's Heirs v. Sinclair Refining Co., (La.App.) 36 So.2d 283, reh. den. 37 So.2d 44; State for Use of Tondi v. Fidelity & Casualty Co., 156 Md. 684, 145 A. 182; Kenner v. Century Indemnity Co., 320 Mass. 6, 67 N.E.2d 769, 165 A.L.R. 1463; Berry v. Travelers Insurance Co., 118 N.J.L. 571, 194 A. 72; Hunt v. Richardson, 212 N.C. 28, 192 S.E. 843; Brower v. Employers' Liability Assur. Co., 318 Pa. 440, 177 A. 826; Allen v. Travelers Indemnity Co., 108 Vt. 317, 187 A. 512; Nationwide Mutual Insurance Co. v. Federal Mutual Insurance Co., 204 Va. 879, 134 S.E.2d 253; Ocean Accident & Guarantee Corp. v. Blackstock, 165 Va. 98, 181 S.E. 364.

Plaintiff in his brief cites two cases in support of his contention. The first is La-Felt v. Nasarow, 71 N.J.Super. 538, 177 A.2d 315, wherein the court held that one who was regularly employed as a truck driver and mechanic but outside of working hours repaired automobiles for parties other than his employer was not engaged in the automobile business within the exclusion clause of an insurance policy, excluding covering to one engaged in the automobile business.

The second case is McCree v. Jennings, 55 Wash.2d 725, 349 P.2d 1071, wherein the facts are as follows: Miller, whose primary occupation was that of barber was also engaged in the business of repairing automobiles at his home in spare time. The court held he was not engaged in the automobile business within the exclusion clause of an insurance policy.

The cases cited are distinguishable on the facts. In the instant case Maynor's sole occupation was the automobile repair business. He maintained a garage and repair shop. He was engaged in no other type of business. While the two cases cited are not in point on the facts, they are isolated cases presenting a very small minority view and should not be adopted as the law in this jurisdiction.

Judgment affirmed.

JACKSON, V. C. J., and DAVISON, WILLIAMS, IRWIN, BERRY, HODGES, and LAVENDER, JJ., concur.

BLACKBIRD, J., not voting.

Rehearing denied; BLACKBIRD, J., dissents.