NATIONAL FARMERS UNION PROPERTY & CASUALTY COMPANY AND RUSSELL SALISBURY, PLAINTIFFS AND APPELLANTS, v. GENERAL GUARANTY INSURANCE CO., AND CLIFFORD LINGEN, DEFENDANTS AND RESPONDENTS.

JAMES WILCOX, PLAINTIFF AND APPELLANT, v. NATIONAL FARMERS UNION PROPERTY AND CASUALTY CO. ET AL., AND GUARANTY INS. CO. ET AL., DEFENDANTS AND RESPONDENTS.

No. 11291.
Submitted September 13, 1967. Decided December 1, 1967.
434 P.2d 708.

Hoyt & Bottomly, Great Falls, Richard V. Bottomly (argued), Great Falls, Loble, Picotte, Fredricks & Smith, Helena, Gene Picotte (argued), Helena, for appellants.

Jardine, Stephenson, Blewett & Weaver, Great Falls, John Stephenson (argued), Great Falls, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal by the plaintiffs from an adverse judgment in a declaratory judgment action. The action was brought to declare that, in respect to an accident occurring on March 9, 1964, defendant-respondent General Guaranty Insurance Company's coverage was "primary" and plaintiff-appellant National Farmers Union Property & Casualty Company's coverage was "excess."

Lingen was insured by General Guaranty Insurance Company (hereinafter called General) and Salisbury was insured by National Farmers Union Property & Casualty Company (hereinafter called National).

The circumstances surrounding the accident are these. Clifford Lingen needed a dented fender fixed on his car. He obtained four estimates and then contacted Russell Salisbury for another. Salisbury's estimate was lower or as low as the lowest of the others. Lingen then told Salisbury to contact the insur-

ance company which was to pay for the repairs and Salisbury did so. The insurance company approved Salisbury's estimate and told him to proceed with the work.

Within the next couple of days and on March 9, 1964, Lingen drove to Salisbury's farm where Salisbury was to do the work. Lingen could not wait for the work to be done so he needed a ride home. Lingen suggested they take his car since it was already warm. Lingen drove home and while Salisbury was driving back to his farm in Lingen's car he was involved in an accident with one James Wilcox. Wilcox brought suit against Lingen and Salisbury for damages arising out of the accident. National tendered the defense of Salisbury to General on the theory that General was primarily liable. General declined but undertook the defense of Lingen. National then brought this declaratory judgment action, joining Salisbury as a co-plaintiff and Lingen as a co-defendant with General.

General moved to join Wilcox and a hearing was held on the motion. Wilcox did not appear and resist the motion, and the court granted it. Thereupon Wilcox filed a complaint in this action wherein he alleged facts with respect to the collision; that he had filed a complaint in the district court of Cascade County naming Salisbury and Lingen as defendants; that he suffered certain injuries and sought judgment against the two defendants; that since the filing of that complaint a controversy had arisen between the insurance companies covering the two defendants; and he prayed for a declaration of the relative rights and duties of the insurance companies under their respective policies of insurance.

The cause was submitted to the court, sitting without a jury, on the pleadings, depositions of the parties, and briefs. The court found for the defendants.

The provision of General's insurance contract with Lingen which is in issue is as follows:

"Insuring agreements. III. Definition of insured: (a) With respect to the insurance for bodily injury liability and for

property damage liability the unqualified word 'insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either. *The insurance* with respect to any person or organization other than the named insured or such spouse *does not apply:*

"(1) to any person or organization, or to any agent or employee thereof, *operating an automobile* sales agency, *repair shop,* service station, storage garage or public parking place, *with respect to any accident arising out of the operation thereof,* but this provision does not apply to a resident of the same household as the named insured, to a partnership in which such resident or the named insured is a partner, or to any partner, agent or employee of such resident or partnership." (Emphasis supplied.)

The lower court found that Salisbury was a person operating an automobile repair shop; that the accident arose out of the operation thereof; that Salisbury was not an agent of Lingen; and that General had no duty to defend Salisbury. Appellants claim these findings were in error and that National is entitled to its costs and attorney's fees incurred in the defense of Salisbury and of requiring General to assume its obligation of defense. Appellant Wilcox claims further error in the court's ruling making him a party to this action.

The district court found as a fact that Salisbury was a person operating a repair shop. The law is well-established that the findings of fact of the trial court and the judgment based thereon are presumptively correct and such findings must be sustained if they are supported by substantial evidence. O'Connell v. Haggerty, 126 Mont. 442, 253 P.2d 578 (1953); State ex rel. Raw v. City of Helena, 139 Mont. 343, 363 P.2d 720 (1961); Close v. Ruegsegger's Estate, 143 Mont. 32,

386 P.2d 739 (1963). This court will not overturn the findings of the trial court when the evidence, fully considered, furnishes reasonable grounds for different conclusions. Stauffacher v. Great Falls Public Service Co., 99 Mont. 324, 43 P.2d 647 (1935). Thus, the first question for this court is whether there was substantial evidence supporting the findings.

It is true that Salisbury's principal occupation was farming. His automobile repair work was done on an occasional basis. He had retained tools from a time when he operated a service station. These tools were kept in the shop on his father's farm where Salisbury lived in a trailer house. His father also kept tools in the shop and the shop was used when farm machinery needed repairs. The shop was located in a building which was also used as a granary, but according to Salisbury, part of it was normally used for the shop.

In the approximately two and one-half years prior to the accident Salisbury did more than eleven repair jobs. Some were done for insurance companies. At least one-half of the repair jobs were done in the shop. Others did not require the tools and facilities of the shop and were done elsewhere.

■■ We find there is substantial evidence in the record to support a finding that Salisbury was operating a repair shop. It is not necessary that the work be a full time business to constitute a repair shop within the language of the exclusion. See Brower v. Employers' Liability Assur. Co., 318 Pa. 440, 177 A. 826 (1935).

Appellant cites Allstate Insurance Co. v. Lake Shore Mutual Ins. Co., 33 Ill.App.2d 172, 178 N.E.2d 675 (1961), which involves the same provision in issue here. That case is very similar on its facts and resulted in a finding that the driver did not come within the repair shop exclusion. The court in that case relied upon the fact that there was no "shop" maintained. In that case the repairman did his work in the street or a driveway. The court said: "In the present case we have a repairman who was not operating a repair shop within the literal

meaning of the exclusionary clause * * *." In the case at bar such a shop exists, so that case furnishes no authority for appellants' position here.

The second specification of error is that the district court should not have found that the accident arose out of the operation of the repair shop. The general rule, with respect to exclusion provisions of the type in General's policy, is that accidents occurring when the repairman is driving a customer's car to or from the repair shop in connection with the repair work, do arise out of the operation thereof. Couch on Insurance, 2d § 45:986; Berry v. Travelers Insurance Co., 118 N.J.L. 571, 194 A. 72 (1937); Pennsylvania Threshermen and Farmers' Mutual Casualty Ins. v. Travelers Ins. Co., 233 Md. 205, 196 A.2d 76 (1963); Dixie Automobile Ins. Corp. v. Mason (Fla.App. 1963), 155 So.2d 172.

Appellants contend that the above cases should not control for they involve full time repair shops. We cannot agree. Appellants have pointed out no reason to apply a different test to part time repair shops when both part time and full time are covered by the same provisions in the policy. The finding was not in error.

Appellants' third claim is that the court was in error in finding that Salisbury was not Lingen's agent. It is clear and admitted that as to the repairs to be done, Salisbury was not an agent of Lingen's. Consequently the determining question here is whether driving the customer's car to or from the repair shop is a relationship of a different character.

Restatement of Agency 2d, § 14 N, Comment b., describes a non-agent independent contractor as one "who contracts to accomplish something for another or to deliver something to another, but who is not acting as a fiduciary for the other * * *." In driving the car back to Salisbury's farm there is no fiduciary relationship. It is a bailment. A bailment is distinguished from an agency in that an agent has the power to subject the principal to personal liability. "In this respect,

the agency relation differs from that arising from a bailment, since a bailee has, as such, no power to subject the bailor to liability in contract or in tort." Restatement of Agency 2d, § 12, Comment c. There was no authority given by Lingen to Salisbury to bind him to a contract with a third party. Also Lingen would not be personally liable for any damage caused by Salisbury's negligence in driving without some further act on Lingen's part. We find that the lower court was correct and that Salisbury was not Lingen's agent.

The final specification of error with which we must deal is appellant Wilcox's claim that he was not a proper party to this action and that the order making him a party should be reversed and Wilcox ordered dismissed.

This is a dispute between two insurance companies, whereby is sought a declaration of the relative rights and duties of the two companies under their respective policies of insurance with respect to the accident. Rule 19 (a), M.R.Civ.P., provides that a person may be made an involuntary plaintiff when the persons have "a joint interest." Wilcox does not have a joint interest with National in this action. Wilcox was not a party to either of these policies of insurance, and is only indirectly interested in the outcome of this litigation between the two insurance companies.

 Wilcox is an improper party to this action. Fed. Ins. Co. v. Michigan Mutual Liability Co., 166 F.Supp. 537, (D.C. 1958); 2 Barron & Holtzoff, Fed. Prac. and Proc., § 513.6, pp. 124-125. He was not an indispensable party. 2 Barron & Holtzoff, Fed. Prac. and Proc. § 512, p. 100. The case of Sauer v. Newhouse, 24 F.Supp. 911 (U.S.D.C., N.J. 1938), held that where complete relief could be afforded plaintiff without the addition of the parties demanded, the latter were not "necessary" or "indispensable." Complete relief could be granted here.

 Although we find that Wilcox is an improper party to this action the relief asked for cannot be granted. We

have long held that a claim of misjoinder must be raised at the proper time or it is deemed waived. Schauer v. Morgan, 67 Mont. 455, 216 P. 347 (1923); Frost v. J. B. Long & Co., 66 Mont. 385, 213 P. 1107 (1923). This is the general rule (39 Am. Jur., Parties, §§ 104, 118 and 119.) and has not been altered by the adoption of the Montana Rules of Civil Procedure. Wilcox did not resist the motion making him a party. Since he did not do so we cannot hold the district court in error when it had no opportunity to rule on the issue.

For the foregoing reasons the judgment is affirmed.

MR. JUSTICES HASWELL, CASTLES, ADAIR and JOHN CONWAY HARRISON concur.