Homer THOMAS, Plaintiff–Appellant,

v.

NATIONAL AUTOMOBILE AND CASUALTY INSURANCE COMPANY, Defendant–Appellee.

No. 77156.

Supreme Court of Oklahoma.

May 17, 1994.

Darryl F. Roberts, Ardmore, for appellant.

Micky Walsh, Durbin, Larimore & Bialick, Oklahoma City, for appellee.

OPALA, Justice.

The dispositive issue on certiorari is whether exclusionary provisions in a California liability policy, which leave an injured passenger *without any coverage*, are contrary to the legislative policy in Oklahoma's compulsory liability insurance law? We answer in the affirmative and hold that, on the record in this case, the clauses are nugatory against the passenger's claim for protection under the minimum statutory liability coverage.

## I

### THE ANATOMY OF LITIGATION

Homer Thomas, plaintiff-appellant [Thomas], was injured on July 16, 1985 in a one-car accident while a passenger in a vehicle driven by Eva Ball [Ball or owner]. At the time of the accident both the owner and passenger were residents of California. Owner's vehicle was insured by the defendant-appellee, National Automobile and Casualty Insurance Company [National or insurer], under a California-issued liability insurance policy. Thomas sued Ball for injuries suffered in the accident. National did not defend that ac-

tion. After a jury-waived trial, the district court entered judgment against the owner for $53,034.98.[1] National denied coverage to owner for the loss sustained by Thomas. It based its rejection (a) on Thomas' status under the policy in contest as an "insured" because he was residing in the same dwelling as owner and (b) on two policy provisions that exclude "insureds" from liability coverage as well as from the insured vehicle's uninsured motorist [UM] coverage.

Thomas sued National *qua* an uninsured motorist to enforce his judgment against Ball. The *parties agreed below that because Thomas and Ball resided in the same dwelling, Thomas was not covered by the liability clause of the policy.* Thomas sought partial summary adjudication, arguing that (a) National is bound by the earlier judgment against Ball; (b) he is entitled to recover the balance owed under the policy's medical pay coverage; and (c) he is entitled to $35,000 under the policy's UM coverage. National pressed for summary disposition of the proceeding, arguing that (a) Oklahoma conflict-of-law principles mandate that the insurance contract be interpreted in accordance with the terms of the policy as well as with due regard for the statutory and decisional law of California; (b) the owner's policy excludes Thomas from both liability and UM coverage; and (c) California law expressly provides that a vehicle owned and operated by the named insured cannot qualify as an uninsured motor vehicle. Thomas urged he has a right to recover under the policy's "medical payment" and UM coverage provisions. He argued that regardless of whether California or Oklahoma law is applied to the contract, he is covered by the driver's policy.

The trial court, taking judicial notice of the earlier suit between Thomas and Ball, denied Thomas' motion for partial summary adjudication and granted in part National's summary judgment quest. It found (a) that Thomas *was excluded from the policy's liability and UM coverage* but was a beneficiary of the medical payment coverage and (b) that Oklahoma's law[2] does not mandate UM coverage for one injured by the negligence of

---

1. Thomas v. Ball, No. C-87-391, District Court, Carter County (April 1, 1988).

2. For the pertinent terms of Oklahoma's then-effective UM law, see 36 O.S.1981 § 3636.

an insured person who lives with him/her in a common household.[3]

Thomas appealed, arguing that if he is not entitled to recover from National under the policy's liability provisions, because his household exclusion is valid, the owner would—as to him—become an uninsured motorist and Thomas would be covered by the policy's UM provisions. The Court of Appeals affirmed the nisi prius decision, holding (a) that Thomas is bound by his position below—i.e., that he is not covered by the policy's liability clause because of his insured-resident status and (b) that under the teachings of *Bohannan v. Allstate Insurance Company*,[4] California law would be applied to the insurance contract since that choice of law would not violate any articulated public policy of our statutory law.[5] We granted certiorari on Thomas' petition and now reverse the trial court's summary judgment.

## II

### THE TEACHINGS OF *BOHANNAN*

Thomas argues that both the liability and UM exclusions are void under the teachings of *Bohannan*. There, the court held that the choice-of-law rule to be applied in motor vehicle insurance cases implicating conflicting state laws, the validity, interpretation, application and effect of the policy should be determined in accordance with the laws of the state in which the contract was made *unless those provisions are contrary to the Oklahoma law's declared policy.*

National asserts that California law governs its policy because the contract was issued in California between a California resident and a California insurer. The owner's policy explicitly excludes from the liability coverage injuries to an "insured." It defines "insured" as *"the named insured and any resident of the same household."* The UM coverage provision limits recovery to damages for bodily injury caused by an owner or operator of an "uninsured highway vehicle." The policy definition of that phrase *explicitly excludes from its ambit "an insured automobile."* [6] According to National, these exclusionary provisions are consistent with the California Insurance Code, which explicitly states that the term "uninsured motor vehicle" shall not include a motor vehicle owned or operated by the named insured or any resident of the household.[7]

Although his briefs focus essentially on the UM exclusion, Thomas also states on certiorari that the policy provisions which exclude him from *both the liability* and UM coverage are void as a matter of statutory and decisional law. We are directed to Oklahoma jurisprudence which, Thomas urges, condemns as void those policy provisions which exclude from UM coverage a named insured, a resident of the insured's household as well as an insured motor vehicle.[8]

The question for us to settle today is whether insurance policy *exclusions which*

3. The trial court found that Thomas had dismissed *without prejudice* his plea for actual damages as well as his demand for "bad faith [punitive] damages" under the policy's medical coverage provisions.

4. Okl., 820 P.2d 787 (1991). For the teachings of *Bohannan* see *infra* Part II.

5. The Court of Appeals notes that the discovery errors urged by Thomas—i.e., the trial court's ruling sustaining in part National's objections to its separate motions to compel (a) answers to interrogatories and (b) production of documents—were *mooted by its affirmance of the summary judgment.*

6. The policy provides that the term "uninsured highway vehicle shall not include (1) an insured automobile ...". The policy defines an "insured automobile" as "an owned automobile while being used by or with the permission of the named insured" and defines an "owned automobile" as "a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded."

7. National calls our attention to California law— § 11580.2(A)(2) of the California Code, and to its jurisprudence *Denny v. St. Paul Guardian Ins. Co.*, 196 Cal.App.3d 73, 241 Cal.Rptr. 520, 523 (1988); *California Casualty and Indemnity Exchange v. Hoskin*, 82 Cal.App.3d 789, 147 Cal. Rptr. 348 (1978).

8. In support of his position Thomas cites *State Farm Mut. Auto. Ins. Co. v. Wendt*, Okl., 708 P.2d 581 (1985), *Heavner v. Farmers Ins. Co.*, Okl., 663 P.2d 730 (1983), and *Lewis v. State Farm Mut. Auto. Ins. Co.*, Okl.App., 838 P.2d 535 (1992).

*leave an injured passenger without any insurance* are contrary to the legislative policy embodied in our compulsory insurance law.[9]

## III

## OKLAHOMA'S COMPULSORY LIABILITY INSURANCE LAW

■ Oklahoma's Financial Responsibility Act [Act] requires that owners maintain liability insurance for their automobiles.[10] The compulsory liability insurance article in the Act[11] mandates that *all vehicle owners* keep in force liability insurance or other authorized security at not less than the minimum required by § 7–204[12] unless a vehicle is exempt by statute. The Act's principal purpose is to protect the *public* using the high-

ways from financial hardship which may result from the use of automobiles by financially irresponsible persons.[13] Any vehicle operating on the Oklahoma highways must hence be secured against liability to innocent victims of the negligent operation of insured vehicles.[14] This clearly articulated public policy of our compulsory insurance law plainly overrides contrary private agreements that restrict coverage whenever the contractual strictures do not square with the purpose of the Act.[15]

■ Oklahoma jurisprudence teaches that clauses in insurance policies which operate to deny coverage to the general public are void as contrary to statutorily articulated policy.[16] Among those condemned exclusionary provisions are age limits,[17] geographical restric-

9. The Compulsory Liability Insurance Law, 47 O.S.1981 §§ 7–600 et seq., is codified in Art. VI of the Financial Responsibility Act, which is codified in Chapter 7 as 47 O.S.1981 §§ 7–101 et seq.

10. The terms of 47 O.S.Supp.1982 § 7–601(B) provide in pertinent part:

"B. On and after January 1, 1983, every owner of a motor vehicle registered in this state, other than a licensed used motor vehicle dealer, shall, at all times, maintain in force with respect to such vehicle security for the payment of loss resulting from the liability imposed by law for bodily injury, death and property damage sustained by any person arising out of the ownership, maintenance, operation or use of the vehicle. * * *"

The quoted language was not changed by the 1993 amendment (Okl.Sess.L.1993, Ch. 301, § 1, eff. Sept. 1, 1993). Neither does the amendment have any effect on this litigation.

The pertinent terms of 47 O.S.1981 § 7–324(b)(2) require an owner's liability insurance policy to: "insure the person named therein and any other person except as herein provided, as insured, using any such vehicle or vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such vehicle or vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs, with respect to each such vehicle, as follows: Ten Thousand Dollars ($10,000.00) because of bodily injury to or death of one person in any one accident and, subject to said limit for one person, Twenty Thousand Dollars ($20,000.00) because of bodily injury to or death of two or more persons in any one accident, and Ten Thousand Dollars ($10,000.00) because of injury to or

destruction of property of others in any one accident."

11. For the compulsory insurance law, see *supra* note 9.

12. The terms of 47 O.S.1981 § 7–204(a) require a policy limit of not less than $10,000 "because of bodily injury to or death of one person in any one accident" and not less than $20,000 "because of bodily injury to or death of two or more persons in any one accident." For coverage of injury to or destruction of property of others, the statute requires a policy limit of not less than $10,000 in any one accident.

13. *Looney v. Farmers Ins. Group*, Okl., 616 P.2d 1138, 1142 (1980), citing *New York Underwriter's Ins. Co. v. Superior Court of Arizona*, 104 Ariz. 544, 456 P.2d 914, 915 (1969).

14. *Young v. Mid–Continent Casualty Ins. Co.*, Okl., 743 P.2d 1084, 1088 (1987).

15. *See* 47 O.S.1981 § 7–324(b)(2) and 47 O.S.Supp.1982 § 7–601(B), *supra* note 10.

16. *Young, supra* note 14, 743 P.2d at 1087–1088; *Equity Mut. v. Spring Valley Wholesale Nursery*, Okl., 747 P.2d 947, 953–954 (1987); *State Farm Auto Ins. Co. v. Greer*, Okl., 777 P.2d 941, 943 (1989).

17. In *Young, supra* note 14, 743 P.2d at 1088, we concluded that a provision which excluded coverage if the operator was under the age of 25 and not a relative of the insured was contrary to Oklahoma statutory policy because it impermissibly limited the scope of an insured's liability vis-a-vis innocent victims of the operator's negligence.

tions,[18] passenger exclusions,[19] and policy covenants that would exclude from coverage "all potential claimants".[20] Insurance policy clauses that place beyond coverage a narrowly defined class of potential victims have been upheld as not contrary to public policy.[21]

■ The insurer in the present case appears not to be required by California law to offer UM coverage to its insured. The pertinent exclusionary clauses, read conjointly, operate to strip Thomas *of any insurance protection* under the policy.[22] *Whenever a passenger, who is a resident of the common household of the named insured, is left without minimum protection of insurance indemnity for the harm sustained in Oklahoma while an occupant of an automobile, the out-of-state policy falls short of the minimum limits of liability coverage required by the Oklahoma compulsory insurance law.*

We hold that the exclusionary clauses in the California policy *are invalid* insofar as they operate to defeat the minimum protection afforded by our compulsory insurance law, and are hence unenforceable against a claim for an amount up to our law's statutory mandate—$10,000 for each person, $20,000 for each accident and $10,000 for property damage.[23]

## IV

## DISCOVERY ERRORS

In his briefs on appeal Thomas urges that the trial court erred in sustaining in part National's objections to his quests to compel (a) answers to interrogatories as well as (b) production of documents.

■ When on the judgment's reversal a cause is remanded, it returns to the trial court as if it had never been decided, save only for the "settled law" applicable to the case. On remand the parties are relegated to their prejudgment status.[24] Thomas must be afforded the opportunity to replead and to renew his discovery quests.

## V

## CONCLUSION

By requiring owners to guarantee their financial responsibility in case of an accident, the legislature expressed in the compulsory insurance law its policy that motorists carry insurance protection so victims of their negligence can be compensated. The statutory mandate is thwarted whenever an out-of-state policy leaves a passenger—who is a resident of the named insured's common household—without minimum protection for the harm sustained in Oklahoma while occupying an automobile. *Assuming from a si-*

18. In *Equity, supra* note 16, 747 P.2d at 952, we declared void a policy covenant which provided that the liability coverage would not apply when the vehicle was operated beyond a 200–mile radius of the owner's place of business. This restriction, as in *Young,* had the effect of rendering the vehicle uninsured vis-a-vis statutorily protected third parties.

19. In *Hibdon v. Casualty Corp. of America, Inc.,* Okl.App., 504 P.2d 878, 882 (1972) (released for publication by the Oklahoma Supreme Court), liability policy provisions which excluded from coverage passengers in an insured vehicle were declared void as contrary to the Financial Responsibility Act. The legislative intent of the Act *was to include passengers* within the scope of mandatory coverage.

20. In *Greer, supra* note 16, 777 P.2d at 943, we concluded that when the terms of an insurance contract bar all potential claimants, they are void as contrary to the public policy expressed in the compulsory insurance law.

21. In *Looney, supra* note 13, 616 P.2d at 1142, a woman was injured when her husband wrecked the car in which she was riding. The wife sued to recover under an insurance policy covering the vehicle. The insurance company defended against the claim by contending she was excluded as named insured and by the household exclusion clause. *We held the household exclusion valid because the wife of an insured—who stands in a special personal and legal relationship to the insured—is not a member of the public who was intended to be protected by the compulsory insurance law.*

22. On this record we must presume that no other insurance was available to cover Thomas for this accident.

23. *See* 47 O.S.1981 § 7–324(b)(2), *supra* note 10.

24. *Seymour v. Swart,* Okl., 695 P.2d 509, 512–513 (1985); *Parker v. Elam,* Okl., 829 P.2d 677, 682 (1992); *Dyke v. Saint Francis Hosp., Inc.,* Okl., 861 P.2d 295, 304 (1993).

*lent record that no other insurance is available to cover Thomas for this accident,*[25] we hold that the exclusions are invalid against his claim for the Act's *minimum mandated coverage.*

ON CERTIORARI PREVIOUSLY GRANTED, THE COURT OF APPEALS' OPINION IS VACATED; THE TRIAL COURT'S SUMMARY JUDGMENT FOR THE INSURER IS REVERSED AND THE CAUSE REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS PRONOUNCEMENT.

SIMMS, KAUGER, SUMMERS and WATT, JJ., concur.

HODGES, C.J., and ALMA WILSON, J., concur in part and dissent in part.

LAVENDER, V.C.J., and HARGRAVE, J., dissent.

25. If Thomas is protected by some other insurance policy up to the amount of the minimum mandatory liability coverage, the contested exclusions in the California policy would not be deemed to offend Oklahoma law.