2002 OK 63

Lawrence D. and Darlene E. O'NEILL, husband and wife, and American Fidelity Insurance Company, Plaintiffs/Appellees,

v.

Jeffery Dean LONG, Douglas F. Cole, Willie Cole, Jr., and Kevin Cole, Defendants,

State Farm Fire & Casualty Company, Garnishee/Appellant.

No. 96,002.

Supreme Court of Oklahoma.

July 2, 2002.

Anthony P. Sutton, Tulsa, OK, for appellees.

John A. Glad, Gail W. Harris, Tulsa, OK, for appellant.

BOUDREAU, Justice.

¶1 The trial court decided this garnishment proceeding in favor of the garnishor and against the garnishee, the insurer under a motor vehicle liability policy providing omnibus coverage to any person using the insured vehicle within the scope of consent granted by the named insured. The primary question on appeal is whether Oklahoma's Compulsory Insurance Law requires omnibus coverage even though the permittee exceeds the scope of consent granted by the named insured. We answer that once express or implied permission to use an insured vehicle is granted the omnibus coverage is fixed up to the statutory minimum compulsory insurance limits.

## I.

### Background

¶2 Willie Cole, Jr. loaned his 1978 Mercury Marquis to his eighteen-year old nephew, Kevin Cole, so he could look for a job. Willie instructed Kevin, who resided in a household separate from Willie, not to let anyone else drive the car. Notwithstanding Willie's instructions, Kevin let Jeffery Dean Long drive the car to work. While driving Willie's car home from work the next morning, Jeffery collided with an automobile driven by Lawrence D. O'Neill. Lawrence and his passenger, wife Darlene E. O'Neill (O'Neills), were seriously injured.

¶3 The O'Neills' uninsured motorist insurer, American Fidelity Insurance Company, now American Mercury Insurance Company (American Fidelity), paid them $100,000 uninsured motorists benefits. The O'Neills and American Fidelity filed suit against Jeffery Dean Long, Willie Cole, Jr. and Kevin Cole. The O'Neills sought damages for personal injury and property loss and American Fidelity sought reimbursement for the uninsured motorists benefits. At the time of the collision, Willie Cole, Jr.'s vehicle was insured under a policy issued by State Farm & Casualty Company (State Farm) with liability limits of $25,000/$50,000 for bodily injury and $25,000 for property damage.

¶4 Initially, State Farm provided defense counsel to Willie Cole, Jr., Kevin Cole and Jeffery Dean Long. Later, defense counsel withdrew as counsel of record claiming that their respective clients failed to cooperate in the defense of the action. The O'Neills and American Fidelity subsequently secured default judgments against Jeffery Dean Long and Kevin Cole.[1] The trial court entered a money judgment in favor of the O'Neills and American Fidelity for damages and prejudgment interest in the sums of $131,079.62 for Darlene O'Neill's personal injury, $62,037.80 for Lawrence O'Neill's personal injury and $11,871.11 for property loss, together with costs and attorney fees.

¶5 The O'Neills and American Fidelity initiated garnishment proceedings against State Farm to collect their judgment. In answer to the third garnishment, State Farm denied liability or indebtedness to Kevin Cole or Jeffery Dean Long due to the lack of cooperation in defense of the civil action and the non-permissive use of the subject motor vehicle. The trial court allowed the O'Neills and American Fidelity to file their election to take issue with State Farm's answer out of time.[2]

¶6 The O'Neills and American Fidelity filed three separate motions for summary interlocutory adjudication in the garnishment proceedings. The first motion sought a ruling from the trial court that State Farm

---

1. Judgment was not entered against Willie Cole, Jr. and after the filing of this appeal, the O'Neills and American Fidelity dismissed their claims against him.

2. The O'Neills and American Fidelity filed three successive garnishments against State Farm. They filed a first garnishment, which was dis-

missed by agreement, prior to securing a judgment against any of the defendants in the tort action. They filed a second garnishment which identified Kevin Cole as the judgment debtor. They dismissed the second garnishment without filing an election to take issue with State Farm's answer within the statutory time. They filed a

owed the statutory minimum compulsory liability insurance coverage to the O'Neills as required by 47 O.S.2001, § 7–601.[3] The second motion sought a ruling that Kevin Cole was a permissive user and an insured under the motor vehicle liability insurance policy and entitled to coverage up to the policy limits of $25,000/$50,000 for personal injury damages and $25,000 for property damage. The third motion sought a ruling that Kevin Cole was entitled to coverage under the policy because State Farm failed to prove it was prejudiced by Kevin's failure to cooperate in the defense of the underlying tort action. By a separate order, the trial court granted the O'Neills' first and second motions for summary interlocutory adjudication. When the trial court subsequently granted the O'Neills' third motion for summary interlocutory adjudication, it also entered judgment upon the garnishment in favor of the O'Neills and American Fidelity and against State Farm.

¶ 7 State Farm appealed. The Court of Civil Appeals reversed, finding that Jeffery Dean Long's use of Willie Cole, Jr.'s automobile was unauthorized. Relying upon *Pierce v. Oklahoma Property and Casualty Co.*, 1995 OK 78, 901 P.2d 819, the Court of Civil Appeals concluded that compulsory liability insurance need not cover unauthorized uses of the automobile. However, the Court of Civil Appeals remanded the cause for further proceedings, finding that the evidentiary record did not clearly address certain facts that might make Kevin Cole an insured.

¶ 8 We previously granted the O'Neills' and American Fidelity's petition for certiorari review. We vacate the opinion of the Court of Civil Appeals. We affirm the trial court's summary adjudication that State Farm owed the statutory minimum compulsory liability insurance coverage to the O'Neills. We reverse the summary adjudication that Kevin Cole was entitled to coverage up to the policy limits when he allowed Jeffery Dean Long to drive the vehicle contrary to the named insured's instructions.

## II.

### Standard of Review

¶ 9 A garnishment proceeding may be decided by summary process resulting in a post-judgment order where it appears there is no dispute as to any identified material fact or inference to be drawn therefrom and all material facts are stipulated or otherwise established.[4] These legal rulings are reviewable *de novo*, independent of and without deference to the trial court.[5]

## III.

**The trial court correctly determined that State Farm is liable to the O'Neills in this garnishment action for the minimum limits of compulsory insurance prescribed by 47 O.S.2001, § 7–601.**

¶ 10 An omnibus clause in a motor vehicle insurance policy extends liability cov-

---

third garnishment which identified Kevin Cole and Jeffery Dean Long as judgment debtors.

State Farm moved to dismiss the third garnishment, contending that its denial of liability under the policy was conclusively established by operation of 12 O.S.2001, § 1177 when the O'Neills and American Fidelity failed to take issue with State Farm's answer in the second garnishment. Although State Farm contended in its petition in error that the trial court erred in overruling its motion to dismiss, the Court of Civil Appeals did not address the issue. Under the authority of *Hough v. Leonard*, 1993 OK 112, 867 P.2d 438, we review the issue.

The third garnishment named Jeffery Dean Long as a judgment debtor for the first time. The second garnishment and State Farm's answer in the second garnishment did not relate to State Farm's obligation to indemnify Jeffery Dean Long under its policy. Accordingly, the failure of the O'Neills and American Fidelity to file an election to take issue with State Farm's answer to the second garnishment could not be

conclusive of the facts relating to State Farm's obligation as to Jeffery Dean Long. The trial court correctly overruled State Farm's motion to dismiss.

3. This opinion references the most recent codification of our statutes unless a different version is controlling.

4. This garnishment proceeding's disposition by summary process is not in discord with *Patel v. OMH Medical Center, Inc.*, 1999 OK 33, ¶ 19, 987 P.2d 1185, 1193–1194 (explaining that summary judgment is not available in post-judgment vacation proceeding, but uncontested post-judgment issues when properly identified may be settled by summary process).

5. *Brown v. Nicholson*, 1997 OK 32, ¶ 5, 935 P.2d 319, 321; and, *Kluver v. Weatherford Hospital Authority*, 1993 OK 85, ¶ 14, 859 P.2d 1081, 1083.

erage to the named insured and other persons using the insured vehicle with permission. *Hartline v. Hartline*, 2001 OK 15, ¶ 15, 39 P.3d 765, 771, note 22. The omnibus clause creates liability insurance in favor of permissive users in addition to the named insured(s) or other persons insured in the policy.[6] *Lumbermens Mutual Casualty Company v. Iowa Home Mutual Casualty Company*, 1965 OK 87, 405 P.2d 160, 165. The omnibus clause, in effect, protects third parties wrongfully injured by the use of the insured vehicle by persons other than the owner.

¶ 11 Oklahoma's Compulsory Insurance Law requires omnibus coverage. Title 47 O.S.2001, § 7–600(1)(b) provides:

1. "Owner's policy". An owner's policy of liability insurance:

. . .

b. shall insure the person named therein and insure any other person, except as provided in subparagraph c of this paragraph, using an insured vehicle with the express or implied permission of the named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance, operation or use of such vehicle, . .

(Underlining added.)

By the terms of the above statutory omnibus provision, an owner's policy issued in Oklahoma must provide liability coverage to persons using the insured vehicle with the permission of the named insured.

¶ 12 The omnibus provision in State Farm's policy reads as follows:

**Who Is an Insured**

When we refer to *your car*, a *newly acquired car* or a *temporary substitute car*, *insured* means:

1. *you;*

2. *your spouse;*

. . .

4. any other *person* while using such a *car* if its use is within the scope of consent of *you* or *your spouse;*

. . . .

(Underlining added.)

By the above policy term, State Farm allows the named insured or the insured's spouse to limit omnibus coverage by placing restrictions on the scope of consent granted. The policy provides omnibus coverage to a permissive user who is liable for loss arising out of the use of the insured vehicle **only if** the harm-generating use falls within the scope of the consent granted.

¶ 13 Notwithstanding our statutory omnibus provision, State Farm contends that the policy definition of insured excepts Jeffery Dean Long from any category of individuals to whom it owes coverage. State Farm maintains that Long's use of the insured vehicle was outside the scope of the consent granted because Kevin Cole disregarded Willie Cole, Jr.'s instructions not to let anyone else drive the car. The O'Neills and American Fidelity argue, on the other hand, that terms of the statutory omnibus provision require an insurer to provide coverage to any person using the insured vehicle with the named insured's consent without regard to any restrictions or understandings between the insured and the permittee as to the particular use for which permission was given.

■ ¶ 14 Oklahoma's Financial Responsibility Act, 47 O.S.2001, §§ 7–101, *et seq.*, requires that owners maintain liability insurance on their automobiles. The Compulsory Insurance Law, 47 O.S.2001, §§ 7–600, *et seq.*, Article VI of the Financial Responsibility Law, mandates that all motor vehicle owners keep in force liability insurance or other security at not less than the minimum amount provided by § 7–204. The principal purpose of the Act and its compulsory liability insurance requirement is to protect the public from the financial hardship that may result from the use of automobiles by financially irresponsible people. *Harkrider v. Posey*, 2000 OK 94, ¶ 15, 24 P.3d at 829. "This

---

**6.** *See, Insurance Law, A Guide to Fundamental Principles, Legal Doctrines, and Commercial Practices*, Keeton and Widiss, (1988), p. 355–357. The omnibus clause creates liability insurance in favor of persons who may not have an insurable interest at the time the coverage is contracted; it is sufficient that such additional insured persons may become legally liable for injury to others.

clearly articulated public policy of our compulsory liability insurance law plainly overrides contrary private agreements that restrict coverage whenever the contractual strictures do not square with the purpose of the Act." *Id.*

¶ 15 While this Court has not yet considered limitations in an insurance policy omnibus provision in the context of our Compulsory Insurance Law, we have declared void various policy exclusions that defeat the public policy embodied in the Compulsory Insurance Law. In *Young v. Mid–Continent Casualty Co.*, 1987 OK 88, ¶ 16, 743 P.2d 1084, 1088, we struck down an exclusion based on the age of the driver (under age of 25 years). In *Equity Mutual Insurance Co. v. Spring Valley Wholesale Nursery, Inc.*, 1987 OK 121, ¶ 5, 747 P.2d 947, 952, we invalidated an exclusion based on a geographical restriction (outside 200 mile radius). In *Harkrider v. Posey, supra.*, we have gone so far as to refuse to rescind coverage when the insured misrepresented in the application that there were no other persons of the age of fourteen years or older living with her.

¶ 16 The "scope of consent" in State Farm's insurance policy allows the named insured or the insured's spouse to limit the omnibus coverage by placing restrictions on the scope of consent granted to the person using the insured vehicle. The provision provides no limits on the potential restrictions the named insured may place on the scope of consent.[7] On its face, it allows the named insured to impose geographical or age restrictions that we have invalidated when insurance companies have place them as exclusions in insurance policies.[8] The provision

is so broad that it allows the named insured to create a whole new class of potential uninsured motorists in the State of Oklahoma by restricting the scope of permission granted to a person using the insured vehicle.

¶ 17 While the State Farm policy clearly indicates that permission to use the vehicle is limited by the scope of consent granted, we do not believe that our statutory provision is so qualified. The relevant factor in the statutory omnibus provision is the use of the insured vehicle with express or implied permission. Once the named insured extends permission, either express or implied, the statutory provision does not provide for limitations on the scope of permission granted.

¶ 18 We view the provision in State Farm's policy as contravening the public policy embodied in our Compulsory Insurance Law which evinces an unmistakable intent to maximize insurance coverage for the greater protection of the public.[9] We hold that where the named insured gives permission to another to use the insured vehicle, Oklahoma's Compulsory Insurance Law requires liability insurance must continue to cover the insured vehicle even though the permittee exceeds the scope of the named insured's consent. Once express or implied permission to use an insured vehicle is granted, the omnibus coverage is fixed barring criminal theft. Our ruling in this regard is limited to a claim for an amount up to our law's statutory mandate of $10,000 for each person, $20,000 for each accident and $10,000 for property damage. 47 O.S.2001, § 7–204.

¶ 19 Accordingly, we hold that the O'Neills are entitled to recover from State Farm the

---

7. The O'Neills and American Fidelity argue that the potential restrictions are limitless: "a named insured could simply state that he authorized the permissive use only if: (1) the user agrees not to be negligent; (2) agrees not to break the law; (3) agrees not to entrust the vehicle to anyone else; (4) agrees not to drive at night; (5) agrees not to drive during the day; (6) agrees not to drive with passengers; (7) agrees not to drive within a certain geographical area; (8) agrees not to drive within a certain locale; or (9) agrees not to consume alcohol and drive."

8. *Equity Mutual Insurance Co. v. Spring Valley Wholesale Nursery, Inc.* and *Young v. Mid–Continent Casualty Co., supra.*

9. Legislative intent that most, if not all, uses of an insured motor vehicle must be included in the compulsory coverage is obvious in 47 O.S.2001, § 7–601. Section 7–601(B) requires every owner of a motor vehicle registered in Oklahoma to maintain insurance or other security on the vehicle at all times and § 7–601(C)(1) prohibits the operation of an uninsured motor vehicle in Oklahoma and requires a non-owner operator to have security verification unless the owner's security does not exclude such person from the coverage.

mandatory minimum coverage under the compulsory insurance law, $10,000 on the money judgments entered for personal injury to each of them and $10,000 on the money judgment entered for property loss. We affirm the trial court's summary adjudication that the "Garnishee is liable to the Plaintiffs in this garnishment action for the minimum statutory limits".

## IV.

**The trial court erroneously determined that State Farm is liable to the O'Neills in this garnishment action for the amount of the policy limits over and above the statutory minimum compulsory insurance limits.**

¶ 20 In addition to concluding that the O'Neills were entitled to the minimum limits of compulsory insurance as prescribed by §§ 7–600, *et seq.*, the trial court determined that Kevin Cole was a defined insured under the State Farm policy and entitled to the full limits of its liability coverage. We disagree.

¶ 21 "Once it appears that the legislative purpose has been served, the statute's mandate is satisfied. Consequently, freedom-of-contract principles control as to any motor vehicle liability coverage in excess of that required by statute." [Footnotes omitted.] *Equity Mutual Ins. Co. v. Spring Valley Wholesale Nursery, Inc.,* 1987 OK 121, ¶ 17, 747 P.2d at 953. To that end, 47 O.S. 2001, § 7–600.1(B) expressly provides that such additional coverage shall not be subject to the provisions of the Compulsory Insurance Law. The named insured and the insurer may both find it to their advantage to allow the named insured to impose restrictions on the scope of consent granted to a permittee in return for a lower premium. *Id.*

¶ 22 Oklahoma resolves disputes over non-compulsory omnibus liability coverage for negligent operators of motor vehicles under the minor-deviation rule. *Lloyds America v. Tinkelpaugh,* 1939 OK 135, 184 Okla. 413, 88 P.2d 356, 357. This rule applies a "minor" verses "material" deviation standard.[10] Under the minor-deviation standard, coverage is defeated where there is proof that the deviation from the scope of permission was material in nature.

¶ 23 The issue of deviation is normally a question of fact that depends upon the particular facts and circumstances of each case. *Lloyds America v. Tinkelpaugh, supra.* However, some deviation might be so slight as to not raise a fact issue as to whether the permission was revoked while other deviation might be so gross as to destroy the permission as a matter of law. *Insurance Law, A Guide to Fundamental Principles, Legal Doctrines, and Commercial Practices,* Keeton and Widiss, (1988) § 4.7(b), p. 360.

¶ 24 We view this controversy as falling into that category where the deviation from the scope of consent granted is so material that it destroyed, as a matter of law, the permission given. Kevin Cole allowed Jeffery Dean Long to drive the insured vehicle in violation of the express instructions of Willie Cole, Jr. not to allow anyone else to drive the vehicle. Accordingly, Kevin Cole was not an insured under the terms of State Farm's policy for purposes of liability coverage in excess of the statutory minimum compulsory insurance.

¶ 25 We hold that the O'Neills are not entitled to recover that amount of liability coverage over the $10,000 minimum statutory compulsory requirement and up to the $25,000 limit in State Farm's policy. We reverse the trial court's summary adjudication that "Kevin Cole, as a matter of law, is a

---

**10.** Cases deciding scope-of-permission issues for purposes of motor vehicle liability insurance generally fall within three distinct rules. The first is the strict rule which extends omnibus coverage where there is proof that the use of the insured automobile was clearly within the scope of permission fixed by the owner. The second is the minor-deviation rule which extends omnibus coverage where there is proof that the deviation from the scope of permission was minor in nature. The third is the initial-permission rule which extends omnibus coverage where there is proof that permission to use the insured automobile was initially given. *Lloyds America v. Tinkelpaugh, supra. See also, Insurance Law, A Guide to Fundamental Principles, Legal Doctrines, and Commercial Practices,* Keeton and Widiss, (1988), p. 358.

defined insured under the State Farm Mutual Automobile Insurance Company insurance policy issued to Defendant Willie Cole, Jr., such that said judgment debtor, Kevin Cole, is entitled to the limits of liability coverage set forth therein of $25,000/$50,000 for bodily injury damages and $25,000 of property damages liability."[11]

## V.

### Conclusion

¶ 26 In summary, where the named insured gives permission, express or implied, to another to use the insured vehicle, Oklahoma's Compulsory Insurance Law requires liability insurance must continue to cover the insured vehicle even though the permittee exceeds the scope of the named insured's consent. Once permission to use an insured vehicle is granted, compulsory omnibus coverage is fixed barring criminal theft, up to the statutory minimum of $10,000 for each person, $20,000 for each accident and $10,000 for property damage.

¶ 27 Omnibus coverage in excess of the statutory minimum compulsory insurance is controlled by freedom-of-contract principles. Whether a permittee is an insured under a non-compulsory omnibus liability provision is determined under the minor deviation standard. Proof of a material deviation from the scope of consent defeats non-compulsory omnibus liability coverage.

¶ 28 Accordingly, the trial court judgment is affirmed in part and reversed in part and this case is remanded to the trial court. On remand the trial court shall enter judgment in favor of the plaintiffs/appellees in the amount of the statutory minimum compulsory insurance.

11. State Farm contended in response to the third motion for summary interlocutory adjudication that neither Willie Cole Jr., Kevin Cole, nor Jeffery Dean Long cooperated in the defense of the tort action which prevented State Farm from defending the negligent entrustment claim against Kevin Cole. To prevail on its affirmative defense of failure to cooperate, State Farm must demonstrate that the absence of the insured was prejudicial to its interest. *See, State Farm v. Koval,* 146 F.2d 118 (10th Cir.1944). *See also, First Bank of Turley v. Fidelity and Deposit Insur-*

CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF CIVIL APPEALS, DIVISION I, VACATED; TRIAL COURT AFFIRMED IN PART AND REVERSED IN PART; CAUSE REMANDED WITH INSTRUCTIONS.

ALL JUSTICES CONCUR.

*ance Company of Maryland,* 1996 OK 105, 928 P.2d 298. State Farm cannot show prejudice to support this defense in light of our holdings that (1) omnibus coverage for the statutory minimum compulsory insurance limits continued on the insured vehicle even though the permittee (Kevin Cole) exceeded the scope of the named insured's consent and (2) Kevin Cole was not an insured under the terms of the State Farm policy for purposes of liability coverage in excess of the statutory minimum compulsory insurance limits.