2005 OK 49

Mark TAPP and Karen Tapp, as individuals and as husband and wife, Plaintiffs/Appellees,

v.

Wayne PERCIFUL, an individual, and Auto Tech, a business located in Ponca City, Oklahoma, Defendants,

and

State Farm Mutual Automobile Insurance Company, Garnishee/Appellant.

No. 99,779.

Supreme Court of Oklahoma.

June 28, 2005.

Thomas S. Evans, Douglas E. Evans, Evans Law Center, Ponca City, OK, for Plaintiffs/Appellees.

William J. Molinsky, Jr., Molinsky Law Firm, Oklahoma City, OK, for Garnishee/Appellant.

HARGRAVE, J.

¶1 There is no dispute about the basic facts. Tonya Harman, a State Farm insured,

took her vehicle to Auto Tech in Ponca City for a tune-up, brake repair and valve job. Auto Tech is owned by Wayne Perciful. Two days later, Mr. Perciful was moving the vehicle while repairing it. The vehicle lurched forward and struck the plaintiff, Karen Tapp, who was standing nearby.[1] The vehicle also hit a truck owned by Karen Tapp and/or her husband, James Tapp.

¶2 The Tapps sued Tonya Harman, Wayne Perciful and Auto Tech. The trial court entered judgment in favor of the plaintiffs against Defendant Wayne Perciful in the amount of $100,000.00, after he confessed judgment pursuant to 12 O.S.2001 § 941. The Tapps then served a garnishment affidavit on State Farm Mutual Automobile Insurance Company (State Farm), the insurer of Tonya Harman, claiming that they were entitled to $10,000 in liability coverage. State Farm answered that the insurance policy issued by State Farm to Tonya Harman did not provide liability coverage for Wayne Perciful d/b/a Auto Tech.

¶3 State Farm alleged that the "automobile business" exclusion in Mrs. Harmon's policy excluded Perciful and Auto Tech from coverage. They relied on a previous opinion of this Court, *Karner v. Maynor*, 1966 OK 62, 415 P.2d 998, which upheld an automobile business exclusion. The Tapps argued that the automobile business exclusion is contrary to public policy in light of Oklahoma's compulsory liability insurance law and should therefore be held null and void. They rely on cases of this Court, adopted subsequent to Oklahoma's compulsory liability insurance law, holding that clauses in liability insurance policies that attempt to deny coverage to an innocent third party are null and void to the extent of the minimum amount of liability coverage required by statute.

■ ¶4 The trial court ordered the garnishment, finding that the automobile business exclusionary language did not apply. The Court of Civil Appeals affirmed. We granted certiorari to determine whether Oklahoma's compulsory liability insurance

scheme, 47 O.S.2001 § 7–600, et. seq. Laws 1982, ch. 355 § 1, operative Jan. 1, 1983, rendered void as a matter of public policy the automobile business exclusion clause in Harmon's automobile liability insurance policy, to the extent of the minimum amount of liability coverage required by the statute. We find that the exclusion is contrary to public policy in Oklahoma.

¶5 The insurance policy is not included in the record presented. State Farm's brief-in-chief states that the insurance policy in effect for Mrs. Harmon's vehicle has what is commonly referred to as an "automobile business" exclusion, which excludes liability coverage while an insured vehicle is being "repaired, serviced or used by any person employed or engaged in any way in a car business." They define "car business" as a business or job where the purpose is to sell, lease, repair, service, transport, store or park land motor vehicles.

¶6 *Karner v. Maynor*, 1966 OK 62, 415 P.2d 998, which upheld the validity of an automobile business exclusion clause, was decided several years before the compulsive liability insurance statutes were adopted. That case upheld the exclusion on the basis that the driver had no control over who would be driving the car after it was turned over to the automobile business.

¶7 Oklahoma's Compulsory Liability Insurance Act appears at 47 O.S. § 7–600 et seq. Section 7–601(B) provides that:

> "On and after January 1, 1983, every owner of a motor vehicle registered in this state ... shall, at all times, maintain in force ... security for the payment of loss resulting from the liability imposed by law *for* bodily injury, death and property *damage sustained by any person arising out of the ownership, maintenance, operation, or use of the vehicle ...*"[2] (emphasis added)

¶8 The section also provides that every person operating or using a motor vehicle that is not owned by him shall maintain in force security for the payment of loss result-

---

1. Appellees' brief in chief agrees with the summary of the record submitted by State Farm in its brief in chief, and with the standard of review set forth therein.

2. The statute has been amended, but subsection B remains unchanged.

ing from the liability imposed by law for bodily *injury,* death *or* property *damage sustained by any person arising out of the operation or use of the vehicle,* unless such security has been provided by the owner in accordance with the section, unless the person has been excluded from coverage.

¶ 9 Cases of this Court decided subsequent to the compulsory insurance law make clear that the legislative intent of the compulsory liability insurance statutes is that innocent victims of the negligent operation of motor vehicles should be compensated for their injuries. *See, for example, Young v. Mid–Continent Cas. Co.,* 1987 OK 88 ¶ 16, 743 P.2d 1084, 1087. We have upheld the public policy embodied by the compulsory liability insurance statutes by invalidating clauses in insurance policies that would have denied coverage to innocent third parties.

¶ 10 In *Equity Mutual Ins. Co. v. Spring Valley Wholesale Nursery, Inc.,* 1987 OK 121, 747 P.2d 947, in answer to a question of law certified from a federal court, we held that it was a violation of public policy in Oklahoma for the insurer and insured to agree that liability insurance coverage of a commercial vehicle would not apply beyond a 200–mile radius. We held that such provision contravened the underlying statutory purpose of 47 O.S. § 7–600 et. seq. and was void insofar as it limited the minimum coverage required by the statute.

¶ 11 In *Young v. Mid–Continent Cas. Co.,* 1987 OK 88, 743 P.2d 1084, the offending exclusionary clause in an automobile liability insurance policy excluded coverage for operation of the insured vehicle if operated by any person under the age of twenty-five years.

¶ 12 In *Nation v. State Farm Ins. Co.,* 1994 OK 54, 880 P.2d 877 we invalidated, to the extent of the minimum coverage required by statute, an exclusion that omitted from coverage all resident members of a household.

¶ 13 In *Harkrider v. Posey,* 2000 OK 94, 24 P.3d 821, we would not permit an insurance company to cancel a voidable insurance policy, as to an innocent third-party victim, where the insured had misrepresented on her application that there was no other resi-

dent in her home of fourteen years of age or older, when in fact Posey, the co-habitant/driver, had a revoked driver's license.

¶ 14 In *Hartline v. Hartline,* 2001 OK 15, 39 P.3d 765, we said the insured residing in same household would not be excluded from coverage where there was no uninsured motorist coverage. We stated:

"The principal purpose of law-mandated liability insurance is the protection of the public from the financial hardship which may result from the use of automobiles by financially irresponsible persons. (Fn.Omitted) To effectuate this policy, *any vehicle operating on the roads of this state* must be secured against liability to innocent victims in the event harm occurs from its negligent operation (fn.omitted). This clearly articulated public policy overrides contrary private agreements that restrict coverage where the contractual strictures do not comport with the purpose of the Act." (fn.omitted) 2001 OK 15 ¶ 16, 39 P.3d 765, 771–72.

¶ 15 In *Hartline,* we unambiguously stated that insurance policy clauses that operate to deny coverage to the general public are void as "contrary to statutorily articulated public policy." 2001 OK 15 ¶ 17, 39 P.3d at 772. We further stated:

"An omnibus clause in a motor vehicle insurance policy extends liability coverage to the named insured and other persons using the insured vehicle with permission of the named insured. *Lumbermens Mut. Cas. Co. v. Iowa Home Mut. Cas. Co.,* 1965 OK 87 ¶ 26, 405 P.2d 160, 165." 39 P.3d at 772, note 22.

¶ 16 Finally, in *O'Neill v. Long,* 2002 OK 63, 54 P.3d 109, we held that once express or implied permission to use an insured vehicle is granted, the omnibus coverage is fixed, up to the statutory minimum, except for criminal theft. In that case, the insured loaned his car to his nephew and specifically instructed his nephew not to let anyone else drive the car. The nephew let someone else drive the car and the non-permissive driver had a wreck in which the O'Neills were seriously injured. O'Neill's uninsured motorist insurer paid them $100,000. After taking default judgments, the trial court entered

money judgments in favor of the O'Neills and the UM carrier, and they initiated garnishment proceedings against State Farm, the insurer of the car's owner.

¶ 17 State Farm's policy in *O'Neill v. Long* allowed the named insured or spouse to limit omnibus coverage by placing restrictions on the scope of the consent granted. It provided omnibus coverage to a permissive user who was liable for loss arising out of the use of the insured vehicle *only* if the use fell within the scope of the consent granted. The O'Neills and the UM carrier argued that the terms of the statutory omnibus provision require an insurer to provide coverage to any person using the insured vehicle with the named insured's consent, regardless of any restrictions or understandings between the insured and the permitee as to the particular use for which permission was given. We held that the provision in State Farm's policy contravened the public policy embodied in our Compulsory Insurance Law, which evinces an unmistakable intent to maximize insurance coverage for the greater protection of the public. *Id.* at p. 114

¶ 18 In *O'Neill*, we observed that the omnibus clause in effect protects third parties wrongfully injured by use of the insured vehicle by *others than the owner*:

"The omnibus clause creates liability insurance in favor of permissive users in addition to the named insured or other persons insured in the policy. *The omnibus clause, in effect, protects third parties wrongfully injured by the use of the insured vehicle by persons other than the owner.* (citation omitted) The omnibus clause, in effect, protects third parties wrongfully injured by the use of the insured vehicle by persons other than the owner." *O'Neill v. Long,* 54 P.3d 109 at 113, ¶ 10. (emphasis added)

¶ 19 We determined that Oklahoma's compulsory insurance law requires omnibus coverage, even though the permittee exceeds the scope of consent granted by the named insured:

"We hold that where the named insured gives permission to another to use the insured vehicle, Oklahoma's Compulsory Insurance Law requires liability insurance must continue to cover the insured vehicle even though the permittee exceeds the scope of the named insured's consent. Once express or implied permission to use an insured vehicle is granted, the omnibus coverage is fixed, barring criminal theft. Our ruling in this regard is limited to a claim for an amount up to our law's statutory mandate of $10,000 for each person, $20,000 for each accident and $10,000 for property damage. 47 O.S.2001 § 7–204." *O'Neill v. Long,* 2002 OK 63 ¶ 18, 54 P.3d 109, 114.[3]

¶ 20 The very narrow exclusion that this Court has recognized is the exclusion of a specifically-named driver, which is recognized by our compulsory liability insurance law. *Pierce v. Oklahoma Property & Cas. Ins. Co.,* 1995 OK 78 ¶ 15, 901 P.2d 819, 823.

¶ 21 The State of Oklahoma has chosen to exercise its police power by enacting mandatory liability insurance laws. The regulation of motor vehicles on the highway is a legitimate exercise of the police powers of the state, pursuant to which the state may make all reasonable laws, rules, and regulations for the safety and protection of the public. *Harkrider v. Posey,* 2000 OK 94 ¶ 14, 24 P.3d 821, 828. The Act's principal purpose is to protect the *public* using the highways from financial hardship which may result from the use of automobiles by financially irresponsible persons. *Thomas v. National Auto. & Cas. Ins.,* 1994 OK 52 ¶ 10, 875 P.2d 424, 427. This clearly articulated public policy of our compulsory insurance law plainly overrides contrary private agreements to restrict coverage whenever the contractual strictures do not square with the purposes of the Act. *Id.*

¶ 22 The exclusionary provision in the insurance policy in the case at bar clearly falls within the kind of clause prohibited. It lim-

**3.** Section 7–204 of Title 47 was amended by Laws 2004, c. 519 § 31, effective Nov. 1, 2004 to raise the minimum amount for policies or bonds issued or renewed on or after April 1, 2005. The increased amounts are $25,000 per person, $50,000 per accident and $25,000 for property damage. 47 O.S. Supp.2004 § 7–204(2).

its the minimum coverage required by the compulsory liability insurance statutes and denies coverage to a class of insureds. Applying the automobile business exclusionary clause would prejudice an innocent third party and violate the intent of the compulsory liability insurance law that, to the minimum amount of liability coverage required by statute, the innocent plaintiff should be entitled to recover. Accordingly, we affirm the trial court and hold that the automobile business exclusion in Harmon's liability insurance policy is contrary, to the extent of the minimum amount required by the statute, to the public policy inherent in the Compulsory Liability Insurance law. *Karner v. Maynor,* 1966 OK 62, 415 P.2d 998, insofar as it is contrary to the holding in this case, is overruled.

**CERTIORARI GRANTED PREVIOUSLY; OPINION OF THE COURT OF CIVIL APPEALS IS VACATED; THE RULING OF THE TRIAL COURT IS AFFIRMED**

¶ 23 ALL JUSTICES CONCUR.