2012 OK CIV APP 14

**Noehmi RODRIGUEZ and Jesus Muniz, Plaintiffs/Appellees,**

v.

**Maria GUTIERREZ–PEREZ, Defendant,**

and

**Equity Insurance Company, Garnishee/Appellant.**

**No. 108,952.**

Court of Civil Appeals of Oklahoma, Division No. 3.

July 1, 2011.

Rehearing Denied Aug. 16, 2012.

Certiorari Denied Nov. 7, 2012.

---

**70**

David K. Petty, Guymon, Oklahoma, for Plaintiffs/Appellees.

David B. Donchin, R. Ryan Deligans, Durbin, Larimore & Bialick, Oklahoma City, Oklahoma, for Garnishee/Appellant.

KENNETH L. BUETTNER, Judge.

¶1 Garnishee/Appellant Equity Insurance Company appeals from judgment entered in favor of Plaintiffs/Appellees Noehmi Rodriguez and Jesus Muniz (collectively, Appellees) who sought to garnish payment of insurance benefits after a vehicle collision. Equity sought to avoid garnishment based on the named driver exclusion in the policy, but Appellees responded that the named exclusion was void as against public policy, at least up to the minimum required liability coverage. The trial court agreed, and held that Equity must provide coverage for the minimum amount of liability coverage required by law. Oklahoma Supreme Court precedent establishes that a named driver exclusion is valid under the compulsory insurance laws and we therefore reverse.

¶2 The parties do not dispute the facts: on August 5, 2009, a car driven by Defendant Maria Gutierrez–Perez collided with a motorcycle driven by Muniz, on which Rodriguez was a passenger. Appellees obtained a judgment against Gutierrez–Perez for bodily injuries and property damage. The car driven by Gutierrez–Perez was owned by Jose Marquez and was insured by Equity. Appellees filed their Garnishment Affidavit, seeking to recover $25,000 each from Equity. The insurance policy contained a named driver exclusion which excluded coverage for liability or damage incurred while Gutierrez–Perez was driving the car, and Equity asserted it was exempt from garnishment based on the named driver exclusion. Appellees responded that the named driver exclusion was invalid as against public policy under current Oklahoma law.

¶3 The trial court granted summary judgment to Appellees, finding that the exclusion violated Oklahoma public policy because it left an innocent third-party without insurance protection. The court found Appellees were entitled to judgment against Equity for the minimum amount of liability coverage required by law. Equity appeals. A post-judgment garnishment proceeding may be decided by summary judgment where there are no material facts in dispute. *O'Neill v. Long*, 2002 OK 63, ¶ 9, 54 P.3d 109. We review the trial court's legal ruling de novo. *Id.*

¶4 Oklahoma's compulsory insurance law requires that all motor vehicles driven in Oklahoma have minimum liability insurance:

A. Every owner of a motor vehicle registered in this state, ... shall, at all times, maintain in force with respect to such vehicle security for the payment of loss resulting from the liability imposed by law for bodily injury, death and property damage sustained by any person arising out of the ownership, maintenance, operation or use of the vehicle. Every person, while operating or using a motor vehicle registered in this state which is not owned by the person, shall maintain in force security for the payment of loss resulting from the liability imposed by law for bodily injury, death or property damage sustained by any person arising out of the operation or use of the vehicle, unless the security has been provided by the owner in accordance with this section *which does not exclude the person from coverage.*

B. 1. Unless otherwise provided by law, no motor vehicle shall be operated in this state unless there is in effect with respect to the vehicle security for the payment of loss resulting from the liability imposed by law for bodily injury, death and property damage sustained by any person arising out of the ownership, maintenance, operation or use of the vehicle. Every person, while operating or using a motor vehicle in this state which is not owned by the person, shall maintain in force security for the payment of loss resulting from the liability imposed by law for bodily injury, death or property damage sustained by any person arising out of the operation or use of the vehicle, *unless the security has been provided by the owner in accordance with this*

*section which does not exclude the person from coverage ....*

47 O.S.Supp.2009 § 7–601 (emphasis added). The purpose of this law is to protect the public from the financial hardship that may result from the use of automobiles by financially irresponsible people. *Harkrider v. Posey,* 2000 OK 94, ¶ 15, 24 P.3d 821.

¶ 5 Oklahoma cases interpreting the compulsory insurance laws have established that the "clearly articulated public policy of our compulsory liability insurance law plainly overrides contrary private agreements that restrict coverage whenever the contractual strictures do not square with the purpose of the Act." *Id.* Nevertheless, in *Harkrider,* which labeled the liability insurance contract as a "quasi-public obligation" and other cases discussed below, the Oklahoma Supreme Court has repeatedly affirmed the validity of named driver exclusions addressed in *Pierce v. Oklahoma Property and Casualty Ins. Co.,* 1995 OK 78, 901 P.2d 819.

¶ 6 Before *Pierce,* the Supreme Court had held that exclusions of liability coverage for any driver under age 25, for any liability incurred beyond a 200 mile radius, and for all resident members of a household, were invalid as violating the public policy expressed in the statute. See *Young v. Mid–Continent Casualty Co.,* 1987 OK 88, 743 P.2d 1084; *Equity Mutual Insurance Co. v. Spring Valley Wholesale Nursery, Inc.,* 1987 OK 121, 747 P.2d 947; and *Nation v. State Farm Ins. Co.,* 1994 OK 54, 880 P.2d 877.

¶ 7 Since *Pierce,* Oklahoma cases have found many types of exclusions in liability policies invalid as violating the public policy expressed in the compulsory insurance laws.[1]

---

1. In *Harkrider v. Posey, supra,* the court held that the insurance company could not avoid paying minimum liability benefits where the insured misrepresented that there were no persons over 18 living in her home. There the accident was caused by an adult living in the insured's home, but there was no named driver exclusion in place. The court held that a misrepresentation which might otherwise relieve an insurer of liability does not relieve the insurer from paying benefits "to an innocent third party whose protection is mandated by Oklahoma's compulsory insurance law." *Id.* at ¶ 13. In *Harkrider,* the court cited *Pierce* and noted that the named driver exclusion is the one exclusionary provision the court had sanctioned, based on the language

of the statute and on its narrow application to one driver. *Id.* at ¶ 16.

In *Hartline v. Hartline,* 2001 OK 15, 39 P.3d 765, a woman was injured while riding as a passenger with her husband who was driving. The policy excluded liability coverage to an insured, which the policy defined as including the spouse and relatives living in the same house. On that basis, the insurer denied coverage for the wife's injuries. The Oklahoma Supreme Court held that the exclusion of all residents was too broad and was therefore invalid. The court reaffirmed the *Pierce* ruling when it noted "(t)he law's mandate of protection for the public is not violated when an insurer invokes its statutory

However, no precedential decision has overruled *Pierce,* and indeed, when § 7–601 was amended in 2009, the Legislature left in place language acknowledging allowable exclusions from coverage. (See emphasized text above). For this reason, unlike the trial court in this case, we are not persuaded by two decisions of other divisions of this court which disregarded *Pierce* and found a named-driver exclusion invalid. See *McElmurry v. Garbow,* 2005 OK CIV APP 38, 116 P.3d 198 and *Alternative Medicine of Tulsa, Inc. v. Cates,* 2006 OK CIV APP 65, 136 P.3d 716 (*cert. denied*). In *McElmurry,* the court declared "since *Pierce,* the Oklahoma Supreme Court has been increasingly willing to declare exclusions invalid when their application would deny coverage to innocent third parties." 116 P.3d at 200, ¶ 8. This statement ignores the repeated affirmation of the validity of the narrow named driver exclusion, in contrast to other types of exclusions, as noted above.

■ ¶ 8 In *Pierce,* the court noted that the compulsory liability insurance statutes permit owners policies to include "exclusions from coverage in accordance with existing laws." 47 O.S.Supp.2009 § 7–600(1)(c). And, the court noted that without the ability to exclude a named driver, an insured may be unable to obtain the insurance required by statute:

We hold that a named driver exclusion which is based on the poor driving record of the excluded individual is consistent with our compulsory liability insurance laws. Our legislature realized that premiums might be too costly in some circumstances, and chose to allow the contracting parties to exclude specifically named individuals. By doing so the legislature allowed for families to obtain insurance that might not otherwise have been affordable. *We believe that our public policy of requiring liability insurance is not offended by this limitation.*

901 P.2d at 823 (emphasis added). On *de novo* review, we find that the compulsory insurance statutes, as well as Oklahoma Supreme Court precedent, continue to uphold the validity of an exclusion from coverage of a named driver. Accordingly, summary judgment in favor of Appellees is REVERSED.

MITCHELL, P.J., and JOPLIN, J., concur.

right to exclude liability for risk associated with a named driver." *Id.* at n. 30.

In *O'Neill v. Long,* 2002 OK 63, 54 P.3d 109, the court addressed the scope of permission required to bring a driver within a policy's "omnibus" clause (also required by statute), which provides liability coverage to all driving with permission of the insured. There the insured granted permission to one person and told him not to allow anyone else to drive the car. The permitted driver allowed a friend to drive and that driver caused injuries to a third party. The Court of Civil Appeals held that the insurer was not liable because the use of the car was unauthorized. The Oklahoma Supreme Court reversed, finding that the policy allowed the insured to so limit the scope of consent to drive that a broad class of drivers would be excluded from coverage. The court held that once permission is granted, the omnibus clause covers any use except for criminal theft. *Id.* at ¶ 18.

In *Tapp v. Perciful,* 2005 OK 49, 120 P.3d 480, the insured car was in a mechanic's garage being repaired when it rolled forward and injured another patron. The policy excluded liability coverage while an insured vehicle was being repaired or serviced in a car business. The Oklahoma Supreme Court held that an automobile business exclusion was unenforceable because it left innocent third parties without protection. In that case, the court again repeated that a named driver exclusion remained valid as a narrow exclusion allowed under the compulsory liability statutes. *Id.* at ¶ 20.

In *Ball v. Wilshire Insur. Co.,* 2009 OK 38, 221 P.3d 717, a motorist was driving a car loaned by an auto repair shop when she was injured. The repair shop's liability policy excluded coverage for loaned vehicles. In answering questions certified from the Federal District Court, the Oklahoma Supreme Court held that the loaned vehicle exclusion was invalid under the compulsory insurance law because it "removes protection from the general public by rendering uninsured an otherwise insured vehicle when a certain class of people … happen to be driving that vehicle." *Id.* at ¶ 13. In *Ball,* the court again acknowledged the narrow exception that named driver exclusions are allowed based on the language of the compulsory liability statutes.